Ruben **CASTANEDA**,
Plaintiff-Appellant,

v.

**UNITED STATES of America, et al.,**
Defendants-Appellees.

No. 83–6466.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 5, 1984.

Decided April 9, 1985.

Gary Nelson, San Diego, Cal., for plaintiff-appellant.

Christine R. Whittaker, Washington, D.C., for defendants-appellees.

Before ELY *, FLETCHER, and REINHARDT, Circuit Judges.

**PER CURIAM:**

Plaintiff, Ruben Castaneda, appeals from the district court's entry of summary judgment in favor of the United States, holding that the name of a Department of Agriculture (USDA) agent who reported Castaneda's violation of food stamp regulations was exempt from disclosure under the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(7)(C) (1982). Because we do not find that this disclosure would be an unwarranted invasion of personal privacy, we reverse.

* Judge Ely participated in the oral argument and the post-argument conference and joined in the decision to reverse on the grounds stated in this

## FACTS

Pursuant to anonymous tips, the USDA sent an undercover investigator to a convenience store of which Castaneda was manager. The investigator reported that Castaneda had redeemed ineligible items for food stamps. This report was confirmed by subsequent undercover visits to the store during which such items were sold and the store was consequently disqualified from the food stamp program. The store exhausted its administrative remedies, but did not seek judicial review. As a result of the USDA action, Castaneda was fired.

Castaneda made a request under FOIA for all evidence relating to the alleged food stamp violations. The USDA provided copies of all investigative reports, but deleted the name of the confidential informants and the undercover USDA agents, relying on 5 U.S.C. § 552(b)(6), (7)(C) & (D). The investigative reports of the undercover agents that were provided to Castaneda by the USDA contain internal inconsistencies in the totals supposedly paid for merchandise on particular dates and in the price of certain items that appear to fluctuate substantially within the same one day period. Castaneda, still seeking the name of the USDA agents exhausted his administrative remedies and sought judicial review in district court, asserting that the agent was lying about the reported purchases and that disclosure of his name was necessary to monitor the conduct of public officials.

## DISCUSSION

The purpose of the FOIA is to "ensure an informed citizenry." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242, 98 S.Ct. 2311, 2327, 57 L.Ed.2d 159 (1978). Consequently, the exemptions under the FOIA are to be narrowly construed and the burden of establishing an exemption is on the government. *See Church of Scientology v. United States Department of the Army*, 611 F.2d 738, 742 (9th Cir.1979). If no exemption applies then the information

opinion. He died, however, before the opinion was prepared.

must be disclosed. *See Van Bourg v. NLRB,* 751 F.2d 982 (9th Cir.1985).

At issue in this case is exception 7(C), which exempts from disclosure

"investigatory records compiled for law enforcement purposes, but only to the extent that production of such records would ... (c) constitute an unwarranted invasion of personal privacy...."

In *Van Bourg,* 751 F.2d at 985, this court held that to determine whether exemption 7(C) applies "requires a balancing of the individual's privacy interest against the public interest in disclosure."[1] We conclude that the balance tips decidedly in favor of disclosure.

The public interest in disclosure of the investigator's name—an interest in ensuring both the integrity and reliability of such investigators and the fair and impartial operation of the food stamp system—is strong. The investigator's actions could have, and in this case did have, very severe consequences. Also, there is evidence in this case that the investigator's reports were inconsistent and may have been unreliable. Where it appears that the motives or truthfulness of the investigator are in doubt, the public need for supervision and disclosure is necessarily heightened. On the other side of the balance, the investigator's privacy interest is not great. When the reliability of the investigator's information is in doubt, it is difficult to argue that he has a right to be sheltered from public scrutiny. Moreover, it appears that the investigator's name would be discoverable in any civil case brought against the USDA. Because the investigator's name could be discovered using other methods it is hard to see how the disclosure of his name in these proceedings would seriously infringe on his privacy.

Because the public interest in disclosure outweighs the government's asserted interest in the investigator's privacy, we find that disclosure of the investigator's name does not constitute an unwarranted inva-

sion of the investigator's personal privacy and order the name of the investigator be disclosed.

The judgment of the district court is, therefore,

REVERSED.

---

1. In this case there is no question that the information sought constituted a law enforcement record. The investigation was directed at violations of food stamp regulations and resulted in a one-year disqualification of the store.