24 F.3d 246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Douglas Gary HOUSLEY, Plaintiff-Appellant,
v.
DRUG ENFORCEMENT AGENCY, Defendant-Appellee.
 No. 92-16946.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 13, 1994.*
Decided May 4, 1994.
 
 1
 Before: GOODWIN, NORRIS, and O'SCANNLAIN, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Housley requested information from the Drug Enforcement Agency ("DEA") under the Freedom of Information Act ("FOIA"), 5 U.S.C. Sec. 552 et seq. Pursuant to various statutory exemptions, the DEA released only portions of the materials responsive to Housley's request. Housley filed suit in district court to gain access to the portions withheld. The DEA filed a Vaughn index,[1] which described in detail why each page or portion thereof was withheld. The district court found that the unreleased portions were properly withheld and awarded summary judgment to the DEA. Housley appeals, and we affirm.
 
 
 4
 We employ a two-step analysis to review FOIA claims. First, we inquire whether the district court had an adequate factual basis on which to make its decision. Second, if such a basis exists, we review the district court's rulings for clear error. See Lewis v. IRS, 823 F.2d 375, 377-78 (9th Cir.1987); Dirksen v. United States Dep't of Health & Human Serv., 803 F.2d 1456, 1458 (9th Cir.1986).
 
 
 5
 The district court had a sufficient factual basis for its decision. The factual basis comprised the declaration of Thomas H. Wingate and attached exhibits (the Vaughn index) and the affidavit of Assistant United States Attorney Will B. Mattly. The Wingate declaration explains how Housley's FOIA request was processed and describes in a lengthy, detailed, page-by-page analysis the precise reasons why particular portions were withheld. The Mattly affidavit states that he has personal knowledge of threatening and harassing letters sent by Housley to him and to the attorney who successfully prosecuted Housley for various drug crimes.
 
 
 6
 Housley argues that the materials offered by the DEA do not constitute an adequate factual basis because he has proffered evidence contradicting the DEA's materials and evincing agency bad faith. See Castaneda v. United States, 757 F.2d 1010, 1012 (9th Cir.1985). But contrary to Housley's claims, he has in fact offered no such evidence to support his conclusory allegations. Cf. United States v. Housley, 955 F.2d 622, 623 (9th Cir.) (rejecting Housley's allegations of bad faith governmental misconduct during his criminal prosecution), cert. denied, 113 S.Ct. 394 (1992). Because the DEA has "supplie[d] a reasonably detailed affidavit describing the document and facts sufficient to establish an exemption ... the district court need look no further in determining whether an exemption applies." Church of Scientology v. United States Dep't of Army, 611 F.2d 738, 742 (9th Cir.1980).
 
 
 7
 Because the district court had an adequate factual basis to make its decision, we must next determine whether the district court's ruling is clearly erroneous. We hold that it is not. As specified in its Vaughn index, the DEA withheld documents pursuant to three Sec. 522(b)(7) "investigatory records complied for law enforcement purposes" exemptions: (b)(7)(C) (personal privacy), (D) (confidential source), and (F) (physical safety). On the basis of the Wingate declaration and the Mattly affidavit, we do not believe it was clearly erroneous for the district court to rule that the privacy, confidentiality, and physical safety exemptions were properly invoked. See also Binion v. United States Dep't of Justice, 695 F.2d 1189, 1193 (9th Cir.1983).
 
 
 8
 Housley contends that because some information related to his FOIA request may have been previously disclosed at his criminal trial, all related information must also be disclosed, notwithstanding any statutory exemption. But Housley cites no authority in support of this expansive waiver principle, and we find none. See, e.g., Irons v. FBI, 880 F.2d 1446, 1454 (1st Cir.1989) (en banc) ("Because a person may have given testimony at a trial on a specific topic does not mean that all information offered by that source upon a guarantee of confidentiality automatically becomes available to the person to whom it relates."); Parker v. Department of Justice, 934 F.2d 375 (D.C.Cir.1991).[2]
 
 
 9
 The district court's judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 See Vaughn v. Rosen, 484 F.2d 820 (D.C.Cir.1973), cert. denied, 415 U.S. 977 (1974)
 
 
 [2]
 Housley based his information request also on the Privacy Act, 5 U.S.C. Sec. 552a, et seq. But the information sought fell squarely within the "criminal investigations" exemptions drawn pursuant to Sec. 552a(j)(2)(B) and (C) and regulations promulgated thereunder