James LISSNER, an individual, Plaintiff–Appellant,

v.

UNITED STATES CUSTOMS SER-VICE; Joyce Henderson, Port Director, Otay Mesa, Defendants–Appellees.

Nos. 99–56465, 00–55102.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2001

Filed March 12, 2001

Tali M. Tuchin, (Briefed), Gray Cary Ware & Freidenrich, LLP, San Diego, California, for plaintiff-appellant.

James M. Chadwick, (Argued), Gray Cary Ware & Freidenrich, LLP, San Diego, California, for plaintiff-appellant.

Gregg P. Leslie, (Brief Amicus Curiae), The Reporters Committee for Freedom of Press, Arlington, Virginia, for plaintiff-appellant.

Jan L. Luymes, United States Attorney's Office, Santa Ana, California, for defendants-appellees.

Before: LEAVY, TROTT and SILVERMAN, Circuit Judges.

TROTT, Circuit Judge:

In this case we must decide whether the Freedom of Information Act, 5 U.S.C. § 552 (2000) ("FOIA"), requires the United States Customs Service ("Customs") to provide Appellant James Lissner with certain information about an incident in which Customs arrested, detained, and fined two Hermosa Beach, California police officers for smuggling steroids into the country.

We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291, and for the reasons expressed below, we conclude that Customs must provide Lissner with the information he seeks. Accordingly, we reverse and remand the case so that the district court may (1) enter summary judgment in favor of Lissner, and (2) re-evaluate whether attorney's fees should be awarded to him.

### Background

Lissner, a resident of Hermosa Beach, California, filed a FOIA request with Customs, seeking information concerning an incident where Customs arrested, detained, and fined two Hermosa Beach police officers, Lance McColgan and William Charles ("McColgan and Charles"), for smuggling steroids into the country. Customs provided Lissner with the names of the officers, the statute violated, and the amount of the fine. However, Customs withheld all other information concerning the incident. Lissner appealed Customs' partial denial and identified three specific categories of information that he wanted:

(1) Details about the commission of the offense (*i.e.*, types and amount of steroids, the method of transportation, whether the steroids were concealed, and whether the officers fled or resisted arrest);

(2) Details concerning Customs' decision to mitigate from $5,000 to $500 the fine imposed on McColgan and Charles; and

(3) General physical descriptions of McColgan and Charles (*i.e.*, height, weight, eye color, ethnicity).

Customs denied Lissner's appeal, claiming that the information "was compiled for law enforcement purposes, the disclosure of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of a third party," and therefore was properly withheld pursuant to 5 U.S.C. § 552(b)(7)(C). ("the 7(C) exemption" or "Exemption 7(C)").

Having exhausted his administrative remedies, Lissner sued Customs in the United States District Court for the Central District of California. After Lissner filed his complaint, Customs released in redacted form many of the documents pertaining to the smuggling incident. Along with the redacted documents, Customs provided affidavits and exhibits detailing the redacted information and the justification for its suppression.[1] The released documents largely reflected the information Customs had previously disclosed, but they also, for the first time, delineated the types and amounts of steroids involved. The redacted documents did not, however, provide the other particularized information Lissner had requested.

The parties filed cross-motions for summary judgment. After conducting an *in camera* review of unredacted versions of the documents, the district court granted summary judgment in favor of Customs. As required by the 7(C) exemption, the court balanced the public interest in disclosure against the privacy interests of the officers. The court determined that the public interests at stake were either nonexistent or negligible and that the officers' privacy interests were significant. Consequently, the court held that Customs properly withheld the information pursuant to the 7(C) exemption.

Even though the district court granted summary judgment in favor of Customs, Lissner moved for attorney's fees, arguing that he "substantially prevailed" because his lawsuit prompted Customs to release significant information that it had previously withheld. Finding him neither eligible, nor entitled to attorney's fees, the district court denied his request.

Lissner timely appealed the district court's order granting summary judgment in favor of Customs and its order denying him attorney's fees.

### Discussion

#### A. Summary Judgment

##### 1. Standard of Review

■ In reviewing a district court's summary judgment decision in a FOIA case, we apply a two-step process. "[W]e first determine whether the district judge had an adequate factual basis for his or her decision." *Schiffer v. Fed. Bureau of Investigation*, 78 F.3d 1405, 1409 (9th Cir. 1996) (quotation and citation omitted). If, as here, the parties do not dispute that the court had an adequate basis for its decision, we review de novo the court's conclusion that section 552(b)(7)(C) exempts the documents from disclosure. *Id.*

##### 2. Analysis

Both in the district court and on this appeal, Lissner specified three types of information he wants: (1) details about the commission of the offense; (2) details concerning Customs' decision to mitigate from $5,000 to $500 the fine imposed on McColgan and Charles; and (3) the physical characteristics of McColgan and Charles.

■ The FOIA requires federal agencies to make records within its possession promptly available to citizens who request them. *See* 5 U.S.C. § 552(a)(3). Unless the information sought falls within one of the nine specified exemptions, the agency

---

**1.** The affidavits, exhibits, and redacted documents comprise Customs' *"Vaughn* index."

*See Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir. 1973).

must disclose. *See* 5 U.S.C. § 552(b)(1)-(9).

■ Only one exemption is at issue in this case: the so-called "7(C) exemption." This exemption allows a federal agency to withhold "records or information compiled for law enforcement purposes, but only to the extent that production of such law enforcement records or information ... could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Lissner concedes that the information he seeks was compiled for law enforcement purposes. The sole remaining question, then, is whether disclosure of the information "could reasonably be expected to constitute an unwarranted invasion of personal privacy." *Id.* This determination "requires a balancing of the individual's privacy interest against the public interest in disclosure." *Castaneda v. United States,* 757 F.2d 1010, 1012 (9th Cir.1985) (quotation omitted).

■ As discussed below, we conclude the public interest in disclosing the sought-after information clearly outweighs the privacy interests of McColgan and Charles.

### a. Public Interest in Disclosure

Contrary to Customs' assertions, information which sheds light on the propriety of Customs' handling of the smuggling incident raises a cognizable public interest under the FOIA. *See id.* at 1011 (recognizing interest in ensuring the integrity of investigations). Information detailing the commission of the offense and materials that explain why Customs mitigated the fine from $5,000 to $500 provides a basis for determining whether Customs afforded McColgan and Charles preferential treatment because of their status as law enforcement officers.[2]

■ Customs argues that it need not disclose the information because Lissner

failed to demonstrate any misconduct on the part of Customs. Customs is mistaken. While "the public interest in ensuring the integrity and reliability of government investigation procedures is greater where there is some evidence of wrongdoing on the part of the government official," *Hunt,* 972 F.2d at 289, "[n]othing in the statutory command [of the FOIA] conditions agency compliance on the requesting party showing that he has knowledge of misfeasance by the agency." *Favish v. Office of Indep. Counsel,* 217 F.3d 1168, 1172 (9th Cir. 2000).

### b. Privacy Interests

■ On the other side of the scale, the privacy interests of McColgan and Charles are not strong in this case. McColgan and Charles are not ordinary citizens; they are public law enforcement officers. It is true that individuals do not waive all privacy interests in information relating to them simply by taking an oath of public office, *Nix v. United States,* 572 F.2d 998, 1006 (4th Cir.1978), but by becoming public officials, their privacy interests are somewhat reduced. *See Lesar v. United States Dep't of Justice,* 636 F.2d 472, 487 (D.C.Cir.1980) ("In their capacity as public officials FBI agents may not have as great a claim to privacy as that afforded ordinarily to public citizens, but the agent by virtue of his official status does not forgo altogether any privacy claim in matters related to official business."). We intimated as much in *Dobronski v. Fed. Communications Comm'n,* 17 F.3d 275, 279 (9th Cir.1994), where we recognized that a government employee's privacy interests may be diminished to the extent it might disclose "official misconduct."

Moreover, after performing our own inspection, we find nothing in the unredacted documents that is particularly personal. The details of the offense and the reasons behind Customs' decision to mitigate the

---

2. Because we find that Lissner identified a substantial public interest in shedding light on *Customs'* decision-making, we do not address the issue of whether opening up *state and local governments* to scrutiny also raises a cognizable public interest under the FOIA.

fine do not reveal intimate, private details about McColgan and Charles that warrant protection from disclosure. A general physical description of the officers, including their height, weight, eye color, and ethnicity, implicates no personal privacy interest, particularly because the officers' identities have already been released by Customs. Furthermore, Customs has made absolutely no showing that releasing a general physical description would subject either McColgan or Charles to danger, harassment, or embarrassment.

From the foregoing discussion, it is clear that the public interest in disclosure far outweighs the privacy interests of the officers. Therefore, Customs, as a matter of law, was required to disclose this information.

### B. Attorney's Fees

■■■ Under the FOIA, a court "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). To receive attorney's fees, Lissner must show that he is eligible for and entitled to receive them. *See Church of Scientology of California v. United States Postal Serv.,* 700 F.2d 486, 489 (9th Cir.1983). Determinations of eligibility and entitlement are largely dependent on the facts, and are therefore left to the discretion of the district court. *See id.; United Ass'n of Journeymen v. Dep't of Army,* 841 F.2d 1459, 1461 (9th Cir.1988).

In light of our decision requiring Customs to release the information sought by Lissner, we remand the case to the district court so that it may (1) enter judgment for Lissner according to this decision, and (2) reevaluate whether attorney's fees should be awarded, including with respect to fees

incurred in the processing of this partially successful appeal.[3].

All costs of this appeal awarded to Appellant Lissner.[*]

REVERSED AND REMANDED.

---

**3.** The Government's history of failing to file briefs and documents promptly in both the district court and now this court shall not continue.

[*] Counsel for the government shall make appropriate arrangements with her supervisor in the United States Attorneys' Office to ensure that court requirements and deadlines are met. She is ordered to bring this disposition to their attention.