**KLAMATH WATER USERS PROTECTIVE ASSOCIATION,**
Plaintiff-Appellant,

v.

**UNITED STATES DEPARTMENT OF THE INTERIOR; Bureau of Indian Affairs,** Defendants-Appellees,

No. 97-36208.
D.C. No. CV-96-03077-CO.

United States Court of Appeals,
Ninth Circuit.

July 16, 2001.

474

Before KLEINFELD and HAWKINS, Circuit Judges, and SCHWARZER,[1] Senior District Judge.

## ORDER

After having substantially prevailed in its Freedom of Information Act (FOIA) action against the Department of the Interior (Interior), Klamath Water Users Protective Association (Association) applied for an award of attorneys' fees under the Act. *See* 5 U.S.C. § 552(a)(4)(E). The making of an award is discretionary and principally turns on four factors: (1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding. *See Church of Scientology of Cal. v. United States Postal Serv.*, 700 F.2d 486, 492–93 (9th Cir.1983); *Tax Analysts v. United States Dep't of Justice*, 965 F.2d 1092, 1093–94 (D.C.Cir. 1992). We apply these factors to the facts of this case.

### 1. The Public Benefit

The Association argues that the requested documents are necessary to keep the public properly informed about government decisions made on water allocation, clearly an issue of public concern. In *Church of Scientology of California*, 700 F.2d at 493, we recognized that "[a] ruling which establishes that the government may not withhold certain information pursuant to a particular FOIA exemption . . . benefits the public." However, that does not end the inquiry-if it did, attorneys' fee awards would be automatic to prevailing

1. The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

parties. As the court held in *Fenster v. Brown,*

> The release of any government document benefits the public by increasing citizens' knowledge of their government. Congress did not have this sort of broadly defined benefit in mind, however, in enacting section 552(a)(4)(E). The legislative history indicates that the "public benefit" criterion "speaks for an award (of attorneys' fees) where the complainant's victory is likely to add to the fund of information that citizens may use in making vital political choices."

617 F.2d 740, 744 (D.C.Cir.1979) (quoting *Blue v. Bureau of Prisons* 570 F.2d 529 (5th Cir.1978)). Thus, the *Fenster* court held that disclosure of the Defense Contract Audit Manual was not of sufficient public benefit to warrant an award of fees. *See id.; see also, Tax Analysts,* 965 F.2d at 1097 (holding that disclosures of tax decisions did not provide sufficient public benefit to justify an award of fees).

■ We think that the disclosure in this case of the communications between the Klamath Basin Tribes and the Bureau of Indian Affairs (BIA) concerning the development of the long-term Klamath Project Operations Plan falls into that same category of documents having marginal public interest and little relevance to the making of political choices by citizens.

### 2. The Commercial Benefit

■ The Association argues that it receives no commercial benefit from the disclosure of the documents. It points out that it is a nonprofit voluntary membership association whose members are mostly public entities and that it does not conduct commercial activities or use or distribute water from the project. In the underlying litigation, however, the Association vigorously advocated its members' interests which compete against the Tribes' interest for limited water resources. The Association sought disclosure of the documents to advance and protect its interests and those of its members in the litigation. That the Association's members are mostly nonprofit organizations does not make the Association's interest in advancing their claims to water to be sold to their customers less commercial for purposes of the FOIA. *See Dep't of Interior v. Klamath Water Users Protective Ass'n,* 532 U.S. 1, 121 S.Ct. 1060, 1063, 149 L.Ed.2d 87 (2001) ("As to those documents bearing on the Plan, the Tribes are obviously in competition with nontribal claimants, including those irrigators represented by [the Association].")

### 3. The Nature of Plaintiff's Interest in the Documents

■ This factor is intertwined with the preceding factor. The Association argues that its interest is informational, given that the documents will be included in its library and circulated to members and the public. Whatever the ultimate disposition of these documents may be, it is indisputable that the Association's purpose in this litigation was to gain access to the communications between its adversaries, the Tribes, and Interior, the decision maker. As the *Fenster* court summarized,

> [T]here will seldom be an award of attorneys' fees when the suit is to advance the private commercial interests of the complainant. In these cases there is usually no need to award attorneys' fees to insure that the action will be brought. The private self-interest motive of, and often pecuniary benefit to, the complainant will be sufficient to insure the vindication of the rights given in the FOIA.

617 F.2d at 743 (quoting S. Rep. No. 854, 93D Cong. 2D Sess. 19 (1974)).

### 4. The Reasonableness of the Agency's Withholding

 Pointing to the unanimous decision of the Supreme Court in its favor, the Association argues that Interior's basis for withholding the documents was unreasonable because it was not founded on a viable interpretation of the statute or of case law. We disagree. A fee award is justified if the government's "withholding appeared to be merely to avoid embarrassment or to frustrate the requester." *Church of Scientology of Cal.*, 700 F.2d at 492 n. 6 (quoting S. Rep. No. 854, 93D Cong. 2D Sess. 19 (1974)). The instant case presents a very different situation. The Court acknowledged "the plausibility of the Government's assertion that the candor of tribal communications with the [BIA] would be eroded without the protections of the deliberative process privilege recognized under Exemption 5." *Dep't of the Interior*, 121 S.Ct. at 1067. That the Court went on to hold that those communications did not qualify as "intra-agency or interagency" communications under the Act establishes that the government's withholding was in error, not that it was unreasonable.

The application for attorneys' fees is DENIED.

KLEINFELD, Circuit Judge, dissenting.

I respectfully dissent.

I would, if we reached the question, reach the opposite result, applying the factors in *Church of Scientology of California v. United States Postal Service.*[1] But we may not reach the question, under controlling circuit authority. We held in *Lissner v. United States Customs Service,*[2] that "[t]o receive attorneys fees, [the applicant] must show that he is eligible for and entitled to receive them," and that "[d]eterminations of eligibility and entitlement are largely dependent on the facts, and are therefore left to the discretion of the district court."[3] Under *Lissner*, the district court, not the court of appeals, exercises the discretion, and we review only for abuse. We should remand the attorneys' fees application so the district court may consider it first.

---

1. 700 F.2d 486, 491–92 (9th Cir.1983).

2. 241 F.3d 1220 (9th Cir.2001).

