HARVEY'S WAGON WHEEL, INC., et al., Plaintiffs-Appellants,

v.

NATIONAL LABOR RELATIONS BOARD, Defendant-Appellee.

No. 76–1355.

United States Court of Appeals, Ninth Circuit.

Dec. 8, 1976.

William W. Wertz (argued), of Severson, Werson, Berke & Melchior, San Francisco, Cal., for plaintiffs-appellants.

Carol A. DeDeo, Atty. (argued), of N. L. R. B., Washington, D. C., for defendant-appellee.

Before CHAMBERS and SNEED, Circuit Judges, and ENRIGHT,* District Judge.

CHAMBERS, Circuit Judge:

This is an appeal from an order of the district court granting summary judgment in favor of the defendant National Labor Relations Board (NLRB) and holding that "employee statements" obtained by the Board in its investigations of unfair labor practices charged against plaintiffs-employers were exempt from the provisions of the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (Supp. IV 1974).[1] Because of reasons set forth below, we vacate its order in part and remand the case for further proceedings.[2]

---

* The Honorable William B. Enright, United States District Judge for the Southern District of California, sitting by designation.

1. 5 U.S.C. § 552(b) (Supp. IV 1974) provides in pertinent part:
   (b) This section does not apply to matters that are—
       \*   \*   \*   \*   \*   \*
   (7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings, . . . (C) constitute an unwarranted invasion of personal privacy, [or] (D) disclose the identity of a confidential source . . .

2. Our jurisdiction is based on 28 U.S.C. § 1291 (1970).

The plaintiffs-employers are various Nevada hotels, restaurants and casinos which were under investigation by NLRB for certain unfair labor practice charges made by the Hotel-Motel-Restaurant Employees and Bartenders Union. In keeping with its usual procedure, the NLRB interviewed and took affidavits from members of the Union, many of whom employers acknowledge to be their employees. Since these affidavits are not available to employers through Board discovery rules unless and until the affiant testifies at an enforcement hearing, employers requested and were refused disclosure of them pursuant to the FOIA. Employers later took an administrative appeal from the Board's refusal; the Board did not act on the appeal within the time allotted for response.

During a continuance of the administrative enforcement hearing, employers filed suit in the United States District Court seeking "all statements and/or affidavits, signed or unsigned, obtained by agents and/or employees of the National Labor Relations Board during and/or subsequent to the Board's investigation of various unfair labor practices filed against plaintiffs . . ." They asserted that denial of this information would irreparably damage their ability to cross-examine and defend against the charges they faced.

The Board contended that the information sought was "investigatory records compiled for law enforcement purposes," and exempt from the FOIA because disclosure "would (A) interfere with enforcement proceedings, . . . (C) constitute an unwarranted invasion of personal privacy, [and] (D) disclose the identity of a confidential source . . ." 5 U.S.C. § 552(b)(7) (Supp. IV 1974). The Board also asserted that disclosure might expose affiant-employees to pressure or retaliation by their employers, and would deter witnesses from cooperating in future Board investigations.

After submission of affidavits and argument, the district court held that "employee statements" are exempted from disclosure by FOIA exemption (b)(7)(A). It did not reach the (7)(C) and (7)(D) exemption issues, nor did it act specifically with respect to statements other than employees' statements. The district court declined to stay the administrative enforcement proceedings pending appeal to this court. We, in turn, denied employers' motion for summary reversal or remand and its renewed motion for stay of the enforcement proceedings.

■■■ Under Board rules, all disclosure is expressly forbidden except certain public documents and case records, formal depositions of witnesses, statements of witnesses (provided only after the witness has testified), and requests "cognizable under the Freedom of Information Act." 29 C.F.R. §§ 102.30, 102.117, 102.118 (1976).[3] In this situation, the employers' only hope for prehearing disclosure of material from the NLRB case file lies in the FOIA. The FOIA provides for public access to government records subject to certain excepted categories. Among the several categories of exempted material are "investigatory records compiled for law enforcement purposes . . ., production of [which] would interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A) (Supp. IV 1974). This exemption will shield Board investigatory material from discovery so long as an enforcement proceeding is in progress or reasonably imminent, the records are among the information requested, and release of the information in the context of the particular enforcement proceeding would harm the Board's case in court.[4] The Board bears the burden of

---

**3.** Since the Labor Management Relations Act, 29 U.S.C. § 141 *et seq.* (1970), does not specifically authorize or require the Board to adopt discovery procedures, it is the responsibility of the Board to formulate its own rules as to when discovery is available to a party. *Electromec Design & Development Co. v. NLRB*, 409 F.2d 631 (9th Cir. 1969).

**4.** The present wording of the (7)(A) exemption was adopted in the 1974 amendments to the FOIA. Senator Hart, who offered the 1974 amendment to exemption (7), explained its requirement as follows:

Nondisclosure would obtain . . . where the production of a record would interfere with enforcement procedures. This would apply whenever the Government's

sustaining its refusal to disclose the information sought by employers. 5 U.S.C. § 552(a)(4)(B). This burden must be met by "detailed affidavits or oral testimony" sufficient to enable the trial court to make its own independent assessment of the Board's claims. See *E. P. A. v. Mink*, 410 U.S. 73, 93, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973). Conclusory or generalized allegations of exemption ordinarily will not suffice.

■ It was under the (7)(A) exemption that the district court upheld the NLRB's refusal to disclose the requested material. The Board submitted a detailed affidavit by a former NLRB attorney to support its refusal. The attorney stated that it was the practice of the NLRB to interview and take affidavits from witnesses in support of unfair labor practice charges against employers, affiants who in most such cases "necessarily are employees of the employer who is charged . . ." The attorney also attested to the reluctance of these witnesses to give statements absent guarantees of confidentiality, and stated that it was his opinion that if the Board were ordered to produce all statements given it during its investigations of such charges the Board's ability to remedy unfair labor practices would be gravely impaired by (1) the deleterious impact this would have on witnesses' willingness to give affidavits at all, and (2) the likelihood that persons who did give affidavits would be subjected to pressure by their employers to change or modify their statements in testimony at the unfair labor practices hearing.

This affidavit contains sufficient detailed facts to provide a basis for finding that disclosure of employee statements, at least,

would "interfere with enforcement proceedings" and that such statements therefore are exempt from the FOIA under exemption (7)(A). Some of the statements sought by employers concededly were those of their employees, and it was undisputed that an enforcement action was in progress against the employers. Employers candidly admit that discovery of such statements was crucial to their defense, thus implying that disclosure by the Board would harm its case in court. Additionally, there can be no doubt that revelation of the employees' statements similarly would harm the Board's case by causing a retarding effect on open and frank Board investigations of alleged unfair labor practices. This would undermine labor policy as well as unduly broaden the scope of the FOIA. To prevent this result, employees' statements must be protected in their entirety under exemption (7)(A). Therefore, the district court correctly concluded that "employee statements obtained in good faith by the NLRB in an investigation of possible unfair labor practices are exempt." [5]

■ The district court's order, however, by its terms was limited to "employees'" statements, whereas the employers' request for disclosure was not so limited. Although many of the same considerations against disclosure of employees' statements may apply to statements and affidavits by others as well, we think it necessary to remand to the district court for it to analyze the statements by those other than employees and decide whether they, too, fit within one of the (b)(7) exemptions. Such statements of other non-employees may well be exempt under (7)(A), since their disclosure often would "interfere with en-

---

case in court—a concrete prospective law enforcement proceeding—would be harmed by the premature release of evidence or information not in the possession of known or potential defendants. This would apply also where the agency could show that the disclosure would substantially harm such proceedings by impeding any necessary investigation before the proceeding. In determining whether or not the information to be released will interfere with a law enforcement proceeding it is only relevant to make such de-

termination in the context of the particular enforcement proceeding.
120 Cong.Rec. 17033 (1974).

**5.** Every circuit which has considered the question has reached a similar conclusion. *See, e. g., Goodfriend Western Corp. v. Fuchs*, 535 F.2d 145 (1st Cir. 1976) (1976); *Title Guarantee Co. v. NLRB*, 534 F.2d 484 (2d Cir. 1976); *Au & Son, Inc. v. NLRB*, 538 F.2d 80 (3d Cir. 1976); *Climax Molybdenum Co. v. NLRB*, 539 F.2d 63 (10th Cir. 1976); *Cessna Aircraft Co. v. NLRB*, 542 F.2d 834 (10th Cir. 1976).

forcement proceedings." *See Title Guarantee Co. v. NLRB*, 534 F.2d 484 (2d Cir. 1976) (exemption applied to all statements of employees and their union representatives obtained in connection with such proceedings); *Au & Son, Inc. v. NLRB*, 538 F.2d 80 (3d Cir. 1976) (exemption applied to all written statements of charging parties and all potential witnesses, whether signed or unsigned, in the NLRB's case file). Statements of union representatives and agents of the employee, for example, should normally be protected from disclosure as a matter of law. Otherwise, the danger of their withholding relevant information for fear of exposing crucial material regarding pending union negotiations would be manifest. The Board, of course, must sustain its burden of establishing applicability of a (b)(7) exemption to these other statements. Again, this burden may be met by "detailed affidavits or oral testimony," but the Board may not sustain its burden by simply labeling the material sought as employee or union representative statements in the face of contrary assertions by the employers. In evaluating the Board's claim to exemption, the district court should independently determine that release of the material sought indeed would "interfere with enforcement proceedings."

 *In camera* inspection of the material sought may be a useful device to aid the district court in its determination. For example, this procedure may be the only viable method to ensure the genuineness of purported "employee" statements. We reject employers' argument, however, that such inspection is an indispensable function of that court.[6] *In camera* inspection in this setting should be required only if a factual dispute exists as to the nature of the statements sought. *See Vaughn v. Rosen*, 157 U.S.App.D.C. 340, 484 F.2d 820, 824 (1973).

If the only statements contained in the NLRB case file concededly are those of employees and their union representatives, then *in camera* inspection should not be necessary, since the dispute as to whether the exemption extends to documents of an agreed-upon factual nature is one of law rather than fact. If, on the other hand, the employers contend that the material sought includes statements other than those of employees and their union representatives, the requisite factual dispute would arise, making *in camera* inspection appropriate and perhaps necessary. The need for or advisability of *in camera* inspection on remand is left to the sound discretion of the district court.

The district court's order is vacated and the case remanded for further examination and findings consistent with this opinion.

---

**6.** In *Au & Son, Inc. v. NLRB, supra*, the plaintiff employer urged *in camera* inspection, claiming that all investigatory files should be screened unless an affirmative showing was made of a harm specified in exemption (b)(7) with respect to the particular material in question. The Third Circuit rejected that view and found no need for *in camera* inspection, since the statements sought were part of a case file in a pending enforcement proceeding. This was so even though the employer had "sought copies of all written statements of charging parties or potential witnesses, whether signed or unsigned, in the NLRB's case file." *Id.* Although the Third Circuit's views are not controlling on this court, their position is in tune with the permissive language of section 552(a)(4)(B) itself.