Steven SCHIFFER, Plaintiff–Appellee,

v.

The FEDERAL BUREAU OF INVESTI-GATION; United States Department of Justice, Defendants–Appellants.

No. 94–15472.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 1995.

Decided March 8, 1996.

---

William G. Cole, United States Department of Justice, Washington, D.C., for defendants-appellants.

Joseph M. Burton, Sideman & Bancroft, San Francisco, California, for plaintiff-appellee.

Before: WALLACE and LEAVY, Circuit Judges, and BAIRD,* District Judge.

---

WALLACE, Circuit Judge:

The Federal Bureau of Investigation (FBI) appeals from a district court order requiring limited disclosure of certain law enforcement documents pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552. The district court exercised jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291, and we reverse.

## I

As the district court stated, this case arises from "civil litigation that [ ] got completely out of hand." In 1987, Steven Schiffer filed a civil lawsuit against his former business partners, including Thomas Sherwood, which concerned the control of two companies and included claims for breach of contract, breach of fiduciary duty, bad faith denial of contract, defamation, abuse of process, and malicious prosecution. According to Schiffer, Sherwood attempted to gain leverage in the suit by accusing Schiffer of hiring a "hit man" to kill Sherwood and his wife. Schiffer contends that Sherwood then reported Schiffer's "plot" to a personal friend of Sherwood's who was a former agent of the Central Intelligence Agency, James M. Potts. According to Schiffer, Potts used his connections with the FBI to persuade it to instigate an investigation of the alleged murder-for-hire plot. In connection with this investigation, the FBI generated the documents at issue in this case. Much of the information contained in the requested documents was disclosed during six years of litigation over Schiffer's civil suit.

On November 8, 1989, Schiffer submitted a FOIA request to the FBI in an effort to obtain information contained in the FBI's files pertaining to its investigation of him. On May 29, 1990, the FBI informed Schiffer that 49 pages of information comprising 15 documents related to his request, of which the FBI released portions of five pages. It released portions of two additional pages on December 27, 1991, following an administrative appeal, and two more pages in redacted

---

* Honorable Lourdes G. Baird, United States District Judge, Central District of California, sitting by designation.

form on January 27, 1992. The FBI refused to release the remaining pages, asserting that the information requested was exempted from disclosure under 5 U.S.C. § 552(b)(7)(C) and (D). Those provisions exempt from disclosure law enforcement records or other information compiled for law enforcement purposes to the extent that disclosure could result in an unwarranted invasion of personal privacy, section 552(b)(7)(C), or could disclose the identity of a confidential source, section 552(b)(7)(D).

Because the FBI refused to disclose the remaining documents, Schiffer filed this action in federal court, and testified in his declaration that he had "great personal interest" in obtaining the documents because they "appear to be highly prejudicial." The FBI submitted all the documents implicated by Schiffer's FOIA request to the district court for in camera review. Following a hearing on the FBI's motion for summary judgment and Schiffer's cross-motion for summary judgment, the district court ordered the FBI to disclose the remaining documents, with two minor redactions.

The district court first rejected the FBI's argument that the documents were exempt under section 552(b)(7)(C). It held that because the persons named in the FBI documents were for the most part already known to Schiffer, "the major [privacy] interest at issue here, if there is any at all, is . . . Mr. Schiffer's own interest and confidentiality." The district court also rejected the FBI's asserted exemption under section 552(b)(7)(D), finding that the witnesses interviewed did not receive confidential informant status and that there was "not any clandestine or [ ] top security type of investigation." Recognizing that Schiffer wanted the documents merely to satisfy his "curiosity," the district court limited their disclosure by ordering Schiffer not to "provide copies of the documents [or] disclose their contents to any other person or company."

The FBI appealed from the district court's decision, reasserting that section 552(b)(1)(C) and (D) apply and arguing that the identity of the party requesting documents should not affect the application of FOIA. If we conclude that the documents are exempt for personal privacy under section 552(b)(7)(C), we will not need to reach the issue whether the witnesses who provided information to the FBI are "confidential informants" under section 552(b)(7)(D). We therefore first address the section 552(b)(7)(C) issue.

## II

■ Ordinarily, we review a summary judgment de novo. *First Pacific Bank v. Gilleran*, 40 F.3d 1023, 1024 (9th Cir.), *cert. denied*, — U.S. —, 116 S.Ct. 55, 133 L.Ed.2d 19 (1995). This requires us to view the evidence in the light most favorable to the nonmoving party and to determine whether there are any genuine issues of material fact and whether the district court applied the correct substantive law. *Id.* Determining the appropriate standard of review to apply to summary judgment in FOIA cases, however, has caused some confusion because of the peculiar circumstances presented by such cases.

In a typical FOIA case, the plaintiff must argue that a government agency has improperly withheld requested documents, even though only the agency knows their actual content. *Wiener v. FBI*, 943 F.2d 972, 977 (9th Cir.1991) (*Wiener*), *cert. denied*, 505 U.S. 1212, 112 S.Ct. 3013, 120 L.Ed.2d 886 (1992); *see also Jones v. FBI*, 41 F.3d 238, 242 (6th Cir.1994) (*Jones*). "This lack of knowledge by the party seeking disclosure seriously distorts the traditional adversar[ial process]." *Wiener*, 943 F.2d at 977. To address this problem, courts have created methods to be sure the requesting party and the deciding judge have sufficient information upon which to determine whether the government agency properly withheld the requested documents. These methods include creation of a "*Vaughn* index" (which identifies each document withheld, the statutory exemption claimed, and an explanation of how disclosure would damage the interest protected), and the submission of some other form of accounting for the withheld documents, such as an affidavit. *See id.* at 977–78 & n. 5 (describing contents and role of a *Vaughn* index and providing examples of circumstances where a *Vaughn* index is not required). A court also may review the re-

quested documents in camera, but such review does not replace the need for an adequate *Vaughn* index or other accounting. *Id.* at 979.

■ Based on a *Vaughn* index and perhaps an in camera review, a district court must determine whether the requested documents fall within the claimed exemption. In reviewing the district court's FOIA action in a summary judgment, we do not ask whether there is a genuine issue of material fact because "the document says whatever it says." *Assembly of the State of California v. United States Dept. of Commerce,* 968 F.2d 916, 919 (9th Cir.1992) (*Assembly of California*). Rarely are the facts in dispute. Thus, we first "determine whether the district judge had an adequate factual basis for his or her decision." *Church of Scientology v. United States Dept. of the Army,* 611 F.2d 738, 742 (9th Cir.1979) (*Church of Scientology*). If so, we will overturn the district court's factual findings underlying its decision only if they are clearly erroneous. *Id.*

■ Some courts have followed *Church of Scientology* in applying the clearly erroneous standard not only to the factual findings underlying the district court's decision, but also to the decision whether a particular document falls within a FOIA exemption. *See Davin v. United States Dept. of Justice,* 60 F.3d 1043, 1049 (3d Cir.1995); *Becker v. IRS,* 34 F.3d 398, 402 (7th Cir.1994); *Miscavige v. IRS,* 2 F.3d 366, 367 (11th Cir.1993); *but see Jones,* 41 F.3d at 242 (applying same standard of appellate review applicable generally to summary judgments); *Church of Scientology Int'l v. United States Dept. of Justice,* 30 F.3d 224, 228 (1st Cir.1994) (same); *Petroleum Information Corp. v. United States Dept. of the Interior,* 976 F.2d 1429, 1433 (D.C.Cir. 1992) (same).

We, too, have repeatedly applied the *Church of Scientology* clearly erroneous standard to a district court's final determination of whether a particular document is exempt under FOIA. *See, e.g., Rosenfeld v. United States Dept. of Justice,* 57 F.3d 803, 807 (9th Cir.), *cert. denied,* — U.S. —, 116 S.Ct. 833, 133 L.Ed.2d 832 (1995); *National Wildlife Federation v. United States Forest Service,* 861 F.2d 1114, 1116 (9th Cir.

1988); *Lewis v. IRS,* 823 F.2d 375, 378 (9th Cir.1987). In *Assembly of California,* we endorsed the *Church of Scientology* standard because in FOIA cases the district court's "findings of fact effectively determine our legal conclusions." *See United States v. McConney,* 728 F.2d 1195, 1204 (9th Cir.) (en banc) (applying clearly erroneous standard to trial court's negligence determination), *cert. denied,* 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984); *Assembly of California,* 968 F.2d at 919 (citing *McConney*). We also have recognized, however, that where, as here, the parties do not dispute that the district court had an adequate factual basis for its decision, we "review on purely legal grounds the judgment on cross-motions for summary judgment." *Multnomah County Medical Society v. Scott,* 825 F.2d 1410, 1413 (9th Cir.1987); *see also Ethyl Corp. v. United States Environmental Protection Agency,* 25 F.3d 1241, 1246 (4th Cir.1994) ("Although any factual conclusions that place a document within a stated exemption of FOIA are reviewed under a clearly erroneous standard, the question of whether a document fits within one of FOIA's prescribed exemptions is one of law, upon which the district court is entitled to no deference.") (internal quotation omitted); *McDonnell v. United States,* 4 F.3d 1227, 1242 (3d Cir.1993) ("[t]he two-tier standard of review ... does not, of course, preclude plenary review of issues of law"). Thus, while we review the underlying facts supporting the district court's decision for clear error, we review de novo its conclusion that neither section 552(b)(7)(C) nor section 552(b)(7)(D) exempts the documents requested by Schiffer from disclosure under FOIA.

### III

■ Section 552(b)(7)(C) exempts from disclosure law enforcement records or information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). In applying section 552(b)(7)(C), a court weighs "the public interest in disclosure against the possible invasion of privacy caused by the disclosure." *Hunt v. FBI,* 972 F.2d 286, 287 (9th Cir.1992) (*Hunt*). The government bears the burden of establishing that privacy

interests outweigh the public's interest in disclosure. *See Wiener,* 943 F.2d at 985; 5 U.S.C. § 552(a)(4)(B).

■ Initially, the FBI had to allege a privacy interest of the sort Congress intended section 552(b)(7)(C) to protect. *United States Dept. of Justice v. Reporters Committee for Freedom of the Press,* 489 U.S. 749, 762, 109 S.Ct. 1468, 1476, 103 L.Ed.2d 774 (1989) *(Reporters Committee )*; *see also id.* at 762 n. 13, 109 S.Ct. at 1476 n. 13 (explaining that the privacy interests protected by section 552(b)(7)(C) need not rise to the level of constitutionally protected interests). The FBI met this requirement by showing that persons named in the requested documents, as well as those who provided the information contained in them, have a strong interest in "not being associated unwarrantedly with alleged criminal activity," and that disclosure could infringe upon this interest. *See Fitzgibbon v. CIA,* 911 F.2d 755, 767 (D.C.Cir. 1990) (internal citation omitted); *see also Hunt,* 972 F.2d at 288.

■ To determine whether the documents requested fall within section 552(b)(7)(C), the district court should have balanced against this privacy interest the public's interest in disclosure. It, however, balanced only Schiffer's personal interest in obtaining the documents against the privacy interests asserted by the FBI. Thus, the district court's determination that Schiffer's interest in disclosure outweighed the privacy interests threatened by disclosure resulted from an improper application of section 552(b)(7)(C).

■ Before the district court, Schiffer admitted that his interest was personal in nature, not public. His counsel stated that Schiffer wanted the requested documents for only "personal curiosity and personal views." On appeal, Schiffer argues for the first time that the public has an interest in determining whether undue influence affected the FBI's decision to investigate him, and in knowing what actions the government takes concerning them as private citizens. The district court has not had the opportunity to weigh these purported "public" interests against the privacy interests of the individuals identified in the requested documents, and we will

not weigh them here. *Spurlock v. FBI,* 69 F.3d 1010, 1017 (9th Cir.1995) *(Spurlock ).* Nevertheless, Schiffer's arguments fail because there is no evidence suggesting that the FBI engaged in any wrongdoing. *Hunt,* 972 F.2d at 289–90 (public's interest in disclosure is diminished where there is no evidence of government wrongdoing). Moreover, one's individual interest in obtaining certain information about oneself does not create a public interest in disclosure. *Reporters Committee,* 489 U.S. at 771, 109 S.Ct. at 1481 ("Congress clearly intended the FOIA to give any member of the public as much right to disclosure as one with a special interest in a particular document.") (internal quotations and brackets omitted).

■ Because the district court weighed only Schiffer's personal interest against others' privacy interests, it committed legal error. Schiffer's personal interest in obtaining the documents does not counterbalance the unwarranted invasions of personal privacy that could result from disclosure. *See Hunt,* 972 F.2d at 289 (no public interest in documents that are "no longer of any interest to anyone other than the party who instigated [the request]"). Considered in light of the purpose of FOIA, which is to " 'pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny,' " the public has little to no interest in the requested documents. *See id., quoting United States Dept. of State v. Ray,* 502 U.S. 164, 173–75, 112 S.Ct. 541, 547, 116 L.Ed.2d 526 (1991) (additional internal quotations omitted). The district court's order redacting the names of law enforcement personnel named in some of the requested documents does not remedy its error, which still places in jeopardy the privacy interests of at least those whose names were not ordered redacted. *See Reporters Committee,* 489 U.S. at 766, 109 S.Ct. at 1478 (stating that "disclosure of records containing personal details about private citizens can infringe significant privacy interests" even if names are redacted).

■ Schiffer contends that much of the information contained in the requested documents was made public during the related civil suit, which necessarily diminishes the privacy interests at stake. The Supreme

Court explicitly rejected this argument in *Reporters Committee,* stating that the "potential invasion of privacy through later recognition of identifying details" is protected by section 552(b)(7)(C). *Id.* at 769, 109 S.Ct. at 1479. "[T]he fact that 'an event is not wholly "private" does not mean that an individual has no interest in limiting disclosure or dissemination of the information.'" *Id.* at 770, 109 S.Ct. at 1480, *quoting* Rehnquist, *Is an Expanded Right of Privacy Consistent with Fair and Effective Law Enforcement?,* Nelson Timothy Stephens Lectures, University of Kansas Law School, pt. 1, p. 13 (Sept. 26–27, 1974).

■ The district court also improperly considered Schiffer's personal knowledge of much of the information contained in the requested documents in assessing the privacy interests at stake. The "identity of the requesting party" and the information he knows have "no bearing on the merits of his [] FOIA request." *Reporters Committee,* 489 U.S. at 771, 109 S.Ct. at 1481. The district court's order limiting access to persons other than Schiffer not only fails to remedy this error, such action is not authorized by FOIA. *See Spurlock,* 69 F.3d at 1016 (district court lacked statutory authority to order limited disclosure of exempted information). Once it is established that disclosure of information will jeopardize interests protected by FOIA, then the information is exempt categorically. *Id.* at 1015–16, *citing FBI v. Abramson,* 456 U.S. 615, 631, 102 S.Ct. 2054, 2064, 72 L.Ed.2d 376 (1982) (*Abramson*). "Congress [] created a scheme of categorical exclusion; it did not invite a judicial weighing of the benefits and evils of disclosure on a case-by-case basis." *Abramson,* 456 U.S. at 631, 102 S.Ct. at 2064. Similarly, if information is not exempt under FOIA, it is necessarily available to the public at large. "As [the Supreme Court has] repeatedly stated, Congress 'clearly intended' the FOIA 'to give any member of the public as much right to disclosure as one with a special interest.'" *Reporters Committee,* 489 U.S. at 771, 109 S.Ct. at 1480–81, *quoting*

*NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 149, 95 S.Ct. 1504, 1515–16, 44 L.Ed.2d 29 (1975).

REVERSED.