116 F.3d 484
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William E. HARVEY, Plaintiff-Appellant,
v.
U.S. DEPARTMENT OF JUSTICE, and its several agencies, the
Drug Enforcement Administration (DEA), and the
Federal Bureau of Investigation (FBI),
Defendants-Appellees.
 No. 96-36021.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1997.**
Decided June 9, 1997.
 
 Appeal from the United States District Court for the District of Montana, No. CV-92-00176-RWA; Richard W. Anderson, Magistrate Judge, Presiding.
 Before: NORRIS, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 William Harvey, a federal prisoner, appeals pro se the district court's grant of summary judgment in favor of the United States Department of Justice ("DOJ") and the Drug Enforcement Administration ("DEA") in his Freedom of Information Act ("FOIA") action seeking documents compiled by the agencies during their criminal investigations of Harvey's drug-related activities.[1] We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 A. Standard of Review
 
 3
 We apply a two-step standard of review in an appeal from the grant of summary judgment in a FOIA case. See Schiffer v. FBI, 78 F.3d 1405, 1409 (9th Cir.1996). We first determine whether the district court had an adequate factual basis for its decision. See id. If an adequate factual basis exists, we will overturn the district court's factual findings underlying its decision only if they are clearly erroneous. See id. We review de novo the district court's determination of whether the requested documents are exempt from disclosure under FOIA. See id.
 
 B. Discussion
 
 4
 Harvey contends the district court erred by granting summary judgment to the DOJ and DEA in his FOIA action. However, he does not identify any specific FOIA exemption improperly invoked by the agencies. See Minier v. CIA, 88 F.3d 796, 800 (9th Cir.1996) (stating that the agency resisting disclosure of requested information has the burden of proving the applicability of an exemption set forth in 5 U.S.C. § 552(b)). Instead, Harvey argues that, because he has clear and convincing proof that a DEA agent and two federal prosecutors perjured themselves during the criminal proceedings on his drug and firearm charges, the DOJ and DEA have "forfeited" any FOIA exemption they might have enjoyed. This argument lacks merit.
 
 
 5
 FOIA does not contain a "forfeiture" provision. While an agency must engage in a good faith effort to conduct a search for the requested records and pass on whether they should be disclosed, see Church of Scientology v. United States Postal Serv., 700 F.2d 486, 491 (9th Cir.1983), Harvey's allegations of misconduct in the underlying criminal proceedings in no way support a finding of bad faith by the agencies in responding to Harvey's FOIA request.
 
 
 6
 Harvey next contends the district court erred by not conducting an in camera review of the requested documents. We disagree. An agency resisting disclosure may satisfy its burden of proving that an exemption applies by submitting an affidavit or index containing reasonably detailed descriptions of the documents and alleging facts sufficient to establish an exemption. See Lewis v. IRS, 823 F.2d 375, 378 (9th Cir.1987). "If the agency supplies a reasonably detailed affidavit ..., then the district court need look no further in determining whether an exemption applies." Church of Scientology v. United States Dep't of Army, 611 F.2d 738, 742 (9th Cir.1979). Here, because the agencies provided sufficiently detailed affidavits and Vaughn indexes, no in camera inspection was required. See Lewis, 823 F.2d at 378.
 
 
 7
 Harvey does not assign any other specific error to the district court's grant of summary judgment. Cf. Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1176 (9th Cir.1996) ("By failing to assign any specific error to the district court, [appellant] abandoned his appeal of the order granting summary judgment."). Accordingly, we affirm the district court's grant of summary judgment in favor of the defendants.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Harvey does not appeal the district court's grant of summary judgment in favor of the FBI