Abraham John PUSA, Plaintiff–Appellant,

v.

The FEDERAL BUREAU OF INVESTIGATION, Defendant–Appellee.

No. 01–56088.

D.C. No. CV–00–12384–NMM.

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2002.*

Decided March 21, 2002.

Before CANBY, BEEZER, and PAEZ, Circuit Judges.

## MEMORANDUM**

Abraham John Pusa appeals pro se the district court's summary judgment for the Federal Bureau of Investigation ("FBI") in Pusa's action pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). We have jurisdiction pursuant to 28 U.S.C. § 1291. Where, as here, the adequacy of the factual basis is not disputed, this court reviews de novo the district court's legal conclusion that FOIA exempts a document

defendant to a greater punishment than authorized by the jury's guilty verdict).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

from disclosure. *See Minier v. CIA,* 88 F.3d 796, 800 (9th Cir.1996). We affirm.

The FBI properly denied Pusa's request for records of all communications between the FBI and certain third parties because FOIA protects law enforcement records whose disclosure "could reasonably be expected to constitute an unwarranted invasion of privacy." *See* 5 U.S.C. § 552(b)(7)(C); *Schiffer v. FBI,* 78 F.3d 1405, 1409 (9th Cir.1996).

The district court was not required to hold a hearing on the FBI's motion for summary judgment. *See Partridge v. Reich,* 141 F.3d 920, 926 (9th Cir.1998).

There is no support in the record for Pusa's contention the district court judge was biased against him.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.