Manuel GRAY, Plaintiff—Appellant,

v.

SOUTHWEST AIRLINES INC., a Texas corporation doing business in Arizona, Defendant—Appellee.

No. 01–15029.

D.C. No. CV–97–02580–SMM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 13, 2002.

Decided April 4, 2002.

---

Before REINHARDT, NOONAN, and FERNANDEZ, Circuit Judges.

MEMORANDUM *

Plaintiff and appellant Manuel Gray and his travel companion Jacob Smith were

* This disposition is not appropriate for publication and may not be cited to or by the courts

selected for a luggage search before boarding a Southwest Airlines flight in 1997. Alleging race-based profiling, Gray filed suit, asserting several common law and federal law claims, all of which were dismissed. Gray appeals, on four grounds, the district court's adverse judgment following a bench trial.

*Southwest Passenger List*

■ During discovery, while representing himself shortly after his first attorney withdrew from the case, Gray sought access to "what the computer revealed for every other passenger on my flight when they checked in." Southwest Airlines objected to the request, citing FAA regulations concerning dissemination of this information. Gray later hired another attorney, for whom the discovery deadlines were extended. But neither Gray nor his second attorney moved to compel disclosure of the passenger information, as allowed under Federal Rule of Civil Procedure 37. Gray argues that he effectively filed such a motion two years later, after discovery had closed, when he wrote in a reply to a Southwest motion to reopen discovery for a limited purpose, that "Plaintiff again requests that the court have Defendant comply with the original request for production." However, even if this statement is construed as a motion to compel disclosure, Gray clearly missed the trial court's discretionary deadline for filing such a request, even though he was represented by counsel for seven months before discovery had closed. The court did not abuse its discretion in denying this motion.

*FAA Security Directives*

■ During discovery, Gray also sought disclosure of the FAA Security Directives pursuant to which Southwest contends he was searched. Because FAA regulations prohibit the disclosure of the Directives to the public, the trial court issued a protective order under which Gray's counsel, but not Gray, could have access to the directives. Gray contends that the trial court erred in refusing to allow him to see the directives after he became a *pro se* litigant, and that the court erred in permitting his second counsel to withdraw given the existence of the protective order. Both decisions are reviewed for an abuse of discretion. *Empire Blue Cross & Blue Shield v. Janet Greeson's A Place For Us, Inc.*, 62 F.3d 1217, 1219 (9th Cir.1995) (protective orders); *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir.1982) (counsel's motion to withdraw).

Given that we have concluded that it was not an abuse of discretion for the district court to deny Gray access to Southwest's passenger information, the trial court's decision to deny Gray access to the FAA directive was not prejudicial. Without the passenger information, Gray would have been unable to demonstrate a discriminatory application of the FAA guidelines. Thus, access to the directive itself would have been useful only for demonstrating a facially discriminatory regulation. Since the regulation in question is entirely race-neutral, a denial of access to the regulation was not prejudicial, and we must affirm the decision of the trial court. *Kulas v. Flores*, 255 F.3d 780, 783 (9th Cir.2001) ("We ... reverse [on the basis of a discovery ruling] only if the district court's ruling more likely than not affected the verdict.").

The dissent to this memorandum argues that denying Gray access to the FAA Directives and the Southwest passenger information may be contrary to due process of law. We note that, even absent Gray's

of this circuit except as may be provided by　Ninth Circuit Rule 36–3.

numerous procedural violations, which effectively waived this argument, due process of law does not always require access to critical evidence. In Freedom of Information Act cases, for example, "the plaintiff must argue that a government agency has improperly withheld requested documents, even though only the agency knows their content." *Schiffer v. Federal Bureau of Investigation,* 78 F.3d 1405, 1408 (9th Cir.1996). "To address this problem, courts have created methods to be sure the requesting party and the deciding judge have sufficient information upon which to determine whether the government agency properly withheld the requested documents." *Id.* These methods include a *Vaughn* index, describing the documents withheld, as well as the possibility of *in camera* review of the documents by the district judge.

*Jury Trial Request*

■ Gray contends that he requested a jury trial, and that the trial court erred in not holding one. To the contrary, Gray's counsel waived Gray's right to a jury trial by not requesting one within ten days after filing the complaint, as required under Federal Rule of Civil Procedure 38(b). Although Gray made reference to his desire for a jury trial during a pre-trial status conference, at no time did he make an explicit request. FRCP 38(d). He also did not object at any time before or during the bench trial. Even construing his passing reference to a jury trial as a late motion for a jury trial, which the judge had the discretion to grant under FRCP 39(b), we conclude that the judge did not abuse that discretion by failing to hold a jury trial, as there was no showing that the waiver was due to anything but trial coun-

sel's strategy or mistake or inadvertence. *Lewis v. Time, Inc.,* 710 F.2d 549, 556–57 (9th Cir.1983).

*Admission of Videotaped Deposition*

■ Gray contends that the trial court erred in admitting the videotaped deposition of one of Southwest's witnesses. He is wrong. Under FRCP 32(a)(3), a court may admit at trial, the deposition of a party who is more than 100 miles away from the location of the trial. Southwest's witness testified at the deposition that she would be moving out of state before the trial; therefore Southwest satisfied its burden as the offeror of the deposition, and it was not error for the trial court to admit it. *See In re Transcontinental Energy Corp.,* 683 F.2d 326, 330 (9th Cir. 1982).

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.

REINHARDT, Circuit Judge, dissenting.

REINHARDT, Circuit Judge.

Because I conclude that the trial court's decisions with respect to the FAA Directives and the Passenger Information constitute an abuse of discretion, I respectfully dissent.

I am aware of no precedent that permits a court to conduct a trial in which one side is barred from viewing the critical evidence introduced by the other and is effectively barred from responding to that evidence or confronting witnesses regarding it. Such a trial, in my view, is contrary to due process of law.[1] *See Jenkins v.*

---

1. The FOIA case cited by the majority is clearly inapposite to the case at bar, and does not even suggest that the prohibition of access to critical evidence in non-FOIA cases is not a

due process violation. As the court noted in *Schiffer v. FBI,* in FOIA cases there is rarely any factual dispute at all, but only a legal dispute over how the law is to be applied to

*McKeithen,* 395 U.S. 411, 428, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969) ("[T]he right to confront and cross-examine witnesses is a fundamental aspect of procedural due process."). Accordingly, the trial court's failure, after Gray decided to proceed *pro se,* to devise a procedure whereby some representative of Gray would be appointed by the court and permitted to see the Directives, constitutes an abuse of discretion. I also conclude that, given the fact that the trial court was required to ensure that a representative of Gray was authorized to see the Directives, its refusal to compel Southwest to disclose the passenger information was an abuse of discretion.[2] Without the only information that could prove Gray's claim (assuming that it could be proved at all) there could be no trial to speak of. Accordingly, the errors were prejudicial, and I would reverse.

---

the documents at issue. 78 F.3d 1405, 1409 (9th Cir.1996). Here there is a serious factual dispute, outside of the contents of the Directives, which Gray was not permitted to develop: namely, whether or not the Directives were fairly applied to all of the passengers on his flight. Furthermore, even in FOIA cases, the court in *Schiffer* clearly states that *in camera* review by the court *"does not* replace the need for an adequate *Vaughn* index or other accounting,"* which is required to address the 'serious distortion' of "the traditional adversarial process" caused by the one-sided knowledge of the evidence. *Schiffer,* 78 F.3d at 1408–1409 (emphasis added); *Vaughn v. Rosen,* 484 F.2d 820, 824 (D.C.Cir. 1973). The *Vaughn* index identifies "each document withheld, the statutory [FOIA] exemption claimed, and [gives] a particularized explanation of how disclosure of the particular document would damage the interest protected by the claimed exemption." *Wiener v.*

*FBI,* 943 F.2d 972 (9th Cir.1991). There were no procedures adopted after Gray decided to proceed *pro se* that would rectify the distortion of the adversarial process in this case.

2. Although the majority may be correct that Gray's motion to compel production of the passenger list was in fact untimely, the district court did not find it to be so, but explicitly considered and denied the motion on the merits, sustaining the objection of Southwest's counsel that the list would be difficult to compile and largely irrelevant. The judge was well within his discretion to consider the untimely motion. For that reason, I believe that the premise on which the majority bases its decision regarding the passenger list and then the FAA Directives is erroneous, and the ultimate decisions are as well.