Jay SHORS, Plaintiff–Appellee,

v.

**TREASURY INSPECTOR GENERAL FOR TAX ADMINISTRATION,** Defendant–Appellant.

No. 02–56814.

D.C. No. CV–01–10086–NM.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2003.*

Decided June 19, 2003.

Before RYMER, THOMAS and SILVERMAN, Circuit Judges.

MEMORANDUM**

Jay Shors, an employee of the Internal Revenue Service ("IRS"), appeals pro se the district court's summary judgment in his Freedom of Information Act ("FOIA") action seeking documents related to an investigation of Shors' conduct towards his supervisor. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Where a district court sustains an agency's claim to exemption from FOIA requirements, this court applies a two-part standard of review. First, we determine whether the district court had an adequate factual basis for its decision and, if it did, we review the factual findings for clear error. *See Schiffer v. F.B.I.,* 78 F.3d 1405, 1409 (9th Cir.1996). We review de novo the district court's determination that doc-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

uments fall within a statutory exemption. *See id.*

Here, the district court had an adequate factual basis for granting an exemption based on the Vaughn index and signed declarations of agency officials. *See Lewis v. I.R.S.*, 823 F.2d 375, 378 (9th Cir.1987). Accordingly, the district court's factual findings are not clearly erroneous. *See id.*

Pursuant to 5 U.S.C. § 552(b)(7)(C), FOIA does not apply to information compiled for "law enforcement purposes" whose release would "constitute an unwarranted invasion of personal privacy." *Id.* Accordingly, the district court did not err in determining that exemption 7(c) applied to the requested material. *See Rosenfeld v. U.S. Dept. of Justice*, 57 F.3d 803, 808 (9th Cir.1995) (holding the government must demonstrate a plausible law enforcement purpose and a rational nexus between that purpose and the documents for which the exemption is claimed); *Hunt v. F.B.I.*, 972 F.2d 286, 288–89 (9th Cir.1992) (holding that disclosure of a file could reasonably be expected to constitute an unwarranted invasion of personal privacy where the matter could conceivably subject them to annoyance or harassment).

Contrary to Shors' contention, the district court properly admitted the affidavit of Assistant Chief Counsel, Gonzalo A. Vallecillo because he assisted in the investigation and therefore had personal knowledge. *See Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir.1995).

We reject Shors' claims of judicial bias because his factual allegations are too attenuated to lead a reasonable person to question the impartiality of Judge Manella or Judge Hupp. *See United States v. Silver*, 245 F.3d 1075, 1080 (9th Cir.2001) (holding that judge's impartiality not rea-

sonably questioned on grounds that the judge was a United States Attorney during the initial phase of an investigation).

Shors' remaining contentions lack merit.

**AFFIRMED.**