**Norbert Basil MacLEAN, III,**
**Plaintiff–Appellant,**

v.

**UNITED STATES DEPARTMENT OF DEFENSE; et al., Defendants–Appellees.**

No. 05–55883.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 13, 2007.

Filed July 11, 2007.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

David A. Greene, Esq., First Amendment Project, Oakland, CA, Daniel S. Silverman, Esq., Heller Ehrman, LLP, San Diego, CA, for Plaintiff–Appellant.

Armando Rodriguez–Feo, Esq., Department of Justice, Paul Orfianedes, Washington, DC, Beth L. Levine, Esq., Carol C. Lam, Esq., Office of the U.S. Attorney, San Diego, CA, for Defendants–Appellees.

Before: PREGERSON and RAWLINSON, Circuit Judges, and SANDOVAL *, District Judge.

## MEMORANDUM **

Norbert Basil MacLean ("MacLean") appeals the district court's order granting Defendants the Department of Defense ("DOD") and the Department of the Navy ("Navy") (collectively ("Defendants")) motion for summary judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

After the Navy convened a general court-martial against him in 1992, MacLean pleaded guilty to twelve specifications of writing bad checks. In 2003, MacLean made formal complaints to the Navy against the prosecutor in his court martial,

---

* The Honorable Brian E. Sandoval, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Navy Lieutenant Richard L. Rosser ("Rosser").

In 2004, pursuant to the Freedom of Information Act ("FOIA") 5 U.S.C. § 552, *et seq.*, MacLean made two requests to the Navy and one request to the DOD for documents relating to Defendants' investigation of Rosser's conduct. The Navy denied MacLean's requests, claiming that the responsive documents in its possession were exempt from disclosure. The DOD produced some responsive materials, but withheld and redacted information from other materials, which it claimed were exempt from disclosure. MacLean properly exhausted his administrative remedies and initiated this lawsuit in federal court. The parties filed cross-motions for summary judgment with the district court, which issued an order granting Defendants' motion on June 6, 2005. MacLean appeals.

This court follows a two-step standard of review for motions for summary judgment in cases brought pursuant to FOIA. *See Minier v. Cent. Intelligence Agency,* 88 F.3d 796, 800 (9th Cir.1996). First, we determine "whether the district court had an adequate factual basis" for its decision. *Id.* We do so by "review[ing] the underlying facts supporting the district court's decision for clear error." *Schiffer v. FBI,* 78 F.3d 1405, 1409 (9th Cir.1996). Second, if we conclude that the district court had an adequate factual basis for its decision, we then review *de novo* the district court's determination whether an exemption to FOIA applies. *See id.*

Maclean first contends that Defendants improperly filed a motion for summary judgment instead of filing an answer to his complaint, as required by Federal Rules of Civil Procedure 8(d). Because MacLean failed to raise this claim before the district court, we decline to reach the issue here. *See In re Rains,* 428 F.3d 893, 902 (9th Cir.2005).

█ Second, MacLean contends that the district court lacked an adequate factual basis for its decision because the *Vaughn* Index submitted by Defendants was conclusory and lacking in detail.[1] MacLean contends that as a result of these deficiencies in the *Vaughn* Index, the court improperly exercised its discretion to limit its *in camera* review of the withheld materials.

We disagree. Defendants submitted a *Vaughn* Index with the date each record was prepared, the author, the recipient, the subject matter, a description of the record, and the exemption claimed, along with detailed affidavits. Moreover, the district court conducted an *in camera* review of several of the materials at issue when it reviewed materials purported to be protected by the attorney-client privilege. We therefore conclude that the district court was within its discretion when it declined further *in camera* review. *See Church of Scientology, v. United States Dep't of the Army,* 611 F.2d 738, 742 (9th Cir.1979).

Third, MacLean contends that the district court made factual findings that were not supported by the record, and therefore clearly erroneous. Because the district court's factual findings accurately reflect the record, we do not feel "left with a definite and firm conviction that the district court has erred." *Frazee v. United States Forest Serv.,* 97 F.3d 367, 370 (9th Cir.1996). Accordingly, we hold that MacLean's third challenge also fails.

█ Fourth, Maclean contends that the privacy exemptions to FOIA disclosure

---

1. A *Vaughn* Index is a submission including detailed affidavits or declarations identifying the records in question and explaining the reasons for withholding them. *See Harvey's Wagon Wheel, Inc. v. NLRB,* 550 F.2d 1139, 1141 (9th Cir.1976).

contained in 5 U.S.C. § 552(b)(6) and § 552(b)(7)(C) do *not* apply to the withheld materials. We conclude that both exemptions apply to the withheld documents. Weighing Maclean's weak interest in disclosure, the insubstantial public interest in disclosure, and the substantial degree of invasion into Rosser's privacy against the lack of alternate means of obtaining the information, we find the scales tip in favor of finding a "clearly unwarranted invasion of personal privacy," making 5 U.S.C. § 552(b)(6) applicable in this case. *See Hunt v. FBI,* 972 F.2d 286, 288–89 (9th Cir.1992). Section 552(b)(7)(C) is also applicable, because disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C); *see also Dobronski v. FCC,* 17 F.3d 275, 279–80 (9th Cir.1994).

Finally, although MacLean concedes that Defendants met their burden of showing that the materials withheld pursuant to 5 U.S.C. § 552(b)(5) were both predecisional and deliberative, *see Maricopa Audubon Soc'y v. United States Forest Serv.,* 108 F.3d 1082, 1084–85 (9th Cir.1997), he contends that the court should carve out an exception and "hold that the 'deliberative process' at issue was an exercise of governmental misconduct." Because MacLean did not properly allege government malfeasance, and the available evidence does not indicate that any malfeasance occurred, we decline to create such an exception.

For the foregoing reasons, we affirm the district court's decision.

**AFFIRMED.**