**AIDS HEALTHCARE FOUNDATION,**
Plaintiff—Appellant,

v.

**Michael LEAVITT, as Secretary of the United States Department of Health and Human Services; et al., Defendants—Appellees.**

No. 05–56636.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 13, 2007.

Filed Nov. 27, 2007.

955

Aids Healthcare Foundation, Los Angeles, CA, pro se.

* The Honorable Brian E. Sandoval, United States District Judge for the District of Nevada, sitting by designation.

Alarice M. Medrano, Esq., Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, for Defendants–Appellees.

Before: PREGERSON and RAWLINSON, Circuit Judges, and SANDOVAL *, District Judge.

MEMORANDUM **

AIDS Healthcare Foundation ("AIDS Healthcare") appeals the district court's order denying in part its motion for summary judgment. We have jurisdiction under 28 U.S.C. § 1291.

This court follows a two-step standard of review for motions for summary judgment in cases brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq. See Minier v. Cent. Intelligence Agency,* 88 F.3d 796, 800 (9th Cir. 1996). First, we determine "whether the district [court] had an adequate factual basis" for its decision. *Id.* We do so by "review[ing] the underlying facts supporting the district court's decision for clear error." *Schiffer v. FBI,* 78 F.3d 1405, 1409 (9th Cir.1996). Second, if we conclude that the district court had an adequate factual basis for its decision, we then review *de novo* the district court's determination whether an exemption to FOIA applies. *See id.*

AIDS Healthcare submitted several grant applications to Defendants Michael Leavitt, Secretary of the Department of Health and Human Services Administra-

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

tion; the Health Resources Services Administration; and the Department of Health and Human Services Administration (collectively ("Health and Human Services")). After its grant applications were denied, AIDS Healthcare, pursuant to FOIA, sought disclosure of Health and Human Services's records pertaining to its review of AIDS Healthcare's grant applications. Health and Human Services did produce some records in response to the FOIA request, but withheld other records and redacted information from the records it disclosed. Health and Human Services claimed that the records were exempt from disclosure. AIDS Healthcare submitted several administrative appeals regarding the withheld and redacted records. It was ultimately dissatisfied with the results of the administrative process and brought suit in the district court. The parties filed cross-motions for summary judgment with the district court, which issued an order denying each party's motion in part, and granting each party's motion in part.

On appeal, AIDS Healthcare argues that the district court erred when it determined that Health and Human Services properly withheld certain records and redacted information under the "deliberative process privilege" exemption contained in 5 U.S.C. § 552(b)(5).

First, AIDS Healthcare contends that the Vaughn Index that Health and Human Services submitted was conclusory and lacked important details.[1] AIDS Healthcare further alleges that the district court therefore lacked an adequate factual basis for its decision and improperly exercised its discretion by declining to perform an *in camera* review of the records.

■ We conclude that the district court's determination was supported by an adequate factual basis, because the Vaughn Index and supporting declarations Health and Human Services submitted were reasonably detailed, and described the records and facts sufficiently to establish an exemption. *See Church of Scientology v. United States Dep't of the Army,* 611 F.2d 738, 742 (9th Cir.1979). We therefore hold that it was unnecessary for the court to perform an *in camera* review of the records. *See id.* at 742–43.

Second, AIDS Healthcare contends that certain portions of e-mails and correspondence were improperly withheld by Health and Human Services pursuant to section 552(b)(5) because they were neither "predecisional" nor "deliberative."

■ We disagree. The e-mails and correspondence were exchanged prior to the time when Health and Human Services made decisions regarding the amount of funding that could be allocated to each applicant in the next funding cycle. Additionally, Health and Human Services demonstrated that their review process is spread out over the year and takes place in multiple offices. These facts show that the e-mails and correspondence were part of the predecisional process. *See Maricopa Audubon Soc'y v. United States Forest Serv.,* 108 F.3d 1082, 1084 (9th Cir.1997). Moreover, the Vaughn Index and supporting declarations submitted by Health and Human Services clearly evidenced that the records "reveal[ed] the mental processes of decision-makers," and were therefore deliberative. *Assembly of the State of California v. Dep't of Commerce,* 968 F.2d 916, 921 (9th Cir.1992).

1. A Vaughn Index is a submission including detailed affidavits or declarations identifying the records in question and explaining the reasons for withholding them. *See Harvey's Wagon Wheel, Inc. v. NLRB,* 550 F.2d 1139, 1141 (9th Cir.1976).

Finally, AIDS Healthcare contends that the identities and affiliations of individuals who reviewed its grant applications should be released because they are not "intra-agency or inter-agency memorandums," but instead non-exempted purely factual material contained within exempted communications.

■ This argument also fails. Health and Human Services has disclosed a list of the names of all reviewers for the period in question, along with material relating to the specific reviewers' opinions and comments in reference to AIDS Healthcare's proposals. It has only withheld information concerning which of those reviewers reviewed AIDS Healthcare's grant proposals in particular. In this context, if the names and affiliations of the reviewers of AIDS Healthcare's grant applications were released "[i]t would be impossible to have any frank discussions of . . . policy matters in writing." *Envtl. Prot. Agency v. Mink*, 410 U.S. 73, 87, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973); 45 C.F.R. § 5.66(a). Accordingly, we hold that the names and affiliations of the reviewers of the AIDS Healthcare grant applications are exempt from disclosure under section 552(b)(5). *See id.*

For the foregoing reasons, we affirm the district court's decision.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.