**Christopher Shelton HUNT, Petitioner–Appellee,**

v.

**FEDERAL BUREAU OF INVESTIGA-TION, Respondent–Appellant.**

**No. 91–15613.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 16, 1992.

Decided Aug. 6, 1992.

John S. Koppel, U.S. Dept. of Justice, Washington, D.C., for defendant-appellant.

Theresa A. Amato, Public Citizen Litigation Group, Washington, D.C., for plaintiff-appellee.

---

Before: SCHROEDER, LEAVY and RYMER, Circuit Judges.

SCHROEDER, Circuit Judge:

Christopher Shelton Hunt, incarcerated in federal prison, filed a request under the Freedom of Information Act, 5 U.S.C. § 552 (1988), seeking disclosure of a file containing the findings of an investigation into the conduct of a particular FBI agent. The investigation of the agent had been triggered by Hunt's complaint that the female FBI agent in question, who had been assigned to his case while he was cooperating as a government witness, induced him to waive his right to counsel and accept an unwise plea bargain. After Hunt exhausted administrative procedures, the district court ordered the FBI to disclose the file in a redacted form, and the FBI now appeals. Because the redaction ordered would not adequately protect important privacy interests, and disclosure would not advance any significant public interest, we reverse.

The background is as follows. Hunt had originally filed a formal complaint in December of 1988 reporting the agent's alleged conduct to the FBI's Office of Professional Responsibility. The complaint prompted an internal investigation by the FBI. The Office of Professional Responsibility, however, failed to respond to Hunt's repeated inquiries about the outcome of the investigation. In May of 1989, he made a formal request to the FBI, under the Freedom of Information Act, for access to the file compiled during the FBI's investigation into the agent's conduct.

The FBI refused to release the file, asserting that three exemptions to the FOIA's disclosure requirement protected the information. The first claimed exemption, Exemption 6, protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The FBI also cited Exemptions 7(A) and 7(C), which protect "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, ... [or] (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(A) & (b)(7)(C). (The FBI now concedes that Exemption 7(A) is not applicable, as the investigation into the FBI agent's conduct is no longer pending.) Hunt filed an administrative appeal with the Department of Justice, challenging the FBI's claim that the file was exempt. This appeal was denied, and in January of 1990 Hunt filed this action against the FBI to compel disclosure of the file. 5 U.S.C. § 552(a)(4)(B).

The district court reviewed *in camera* the file sought by Hunt and concluded that the documents should be disclosed if redacted by deletion of all references to the actual name of the FBI agent under investigation. The court reasoned that the file, once redacted, would not run afoul of the "unwarranted invasion of personal privacy" exemptions, even though the agent's name was well known to Hunt and the detailed contents of the file would make the agent's identity easily traceable to others given access to the file. The FBI appeals the district court's order directing disclosure of the redacted file, arguing that the order does not adequately protect the privacy of the individual agent, and that the public interest in disclosure of this information is negligible. The district court stayed its order pending appeal.

The Freedom of Information Act provides that a government agency must make its "records promptly available to any person" who has submitted a request that "reasonably describes such records." 5 U.S.C. § 552(a)(3). Agencies are permitted to retain records that fall into one or more of the exemptions enumerated in the Act. 5 U.S.C. § 552(b). There are two FOIA exemptions arguably relevant in this case, Exemption 6 and Exemption 7(C). Both require a balancing of the public interest in disclosure against the possible invasion of privacy caused by the disclosure. *See U.S. Dept. of Justice v. Reporters Committee,* 489 U.S. 749, 762, 109 S.Ct. 1468, 1475–76, 103 L.Ed.2d 774 (1989) (Exemption 7(C)); *Department of Air Force v. Rose,* 425 U.S.

352, 373, 96 S.Ct. 1592, 1604–05, 48 L.Ed.2d 11 (1976) (Exemption 6).

■ The protection available under each exemption is not co-extensive. Exemption 6 applies where disclosure *"would constitute a clearly unwarranted invasion of* personal privacy," while Exemption 7(C) prohibits disclosure only where it *"could reasonably be expected to constitute an unwarranted invasion* of personal privacy." 5 U.S.C. § 552(b)(6) & (b)(7)(C) (emphasis added). Where law-enforcement records are sought (Exemption 7(C)), the threatened invasion of privacy need not be as likely as where personnel, medical, or similar files are at issue (Exemption 6). *Reporters Committee,* 489 U.S. at 756, 109 S.Ct. at 1472–73. On appeal the parties acknowledge that this file was compiled in conjunction with a criminal investigation and thus was compiled for law enforcement purposes. Exemption 7(C) is, therefore, the most appropriate exemption for the FBI to invoke. The showing required under Exemption 7(C) is only that an unwarranted invasion of privacy could be reasonably expected, not that it will inevitably occur. However, because Exemption 6 also requires the balancing of private and public interests, cases arising under that exemption are helpful to our analysis.

In Hunt's complaint to the FBI's Office of Professional Responsibility, he alleged that while cooperating with the federal Witness Protection Program he became romantically involved with the female FBI agent assigned to his case. He contends that he trusted the agent because she engaged in sexual relations with him, and because he had fallen in love with her. He claims she induced him to enter a guilty plea that he would not otherwise have entered.

■ We begin the balancing of competing interests in this case by examining the privacy interest asserted by the FBI on behalf of its agent. A government employee generally has a privacy interest in any file that reports on an investigation that could lead to the employee's discipline or censure. *Rose,* 425 U.S. at 376–77, 96 S.Ct. at 1606–07. FBI agents have a legitimate interest in keeping private matters that could conceivably subject them to annoyance or harassment. *See Lesar v. U.S. Dept. of Justice,* 636 F.2d 472, 487 (D.C.Cir.1980); *see also Landano v. U.S. Dept. of Justice,* 956 F.2d 422, 427 (3rd Cir.1992) (FBI "investigators have a privacy interest in not being identified with particular investigations.") *petition for cert. filed,* 61 U.S.L.W. 3005 (U.S. June 22, 1992) (No. 91–2054). The FBI's claim that public disclosure would constitute an unwarranted invasion of the agent's privacy in this case is bolstered by the lewd and personal nature of Hunt's allegations. The highly personal nature of the information contained in the requested material distinguishes this case from *FLRA v. Department of Navy,* where this court held that union members' names and home addresses are not exempt from disclosure under FOIA. 958 F.2d 1490, 1496 (9th Cir.1992). In this case, association of the agent's name with allegations of sexual and professional misconduct could cause the agent great personal and professional embarrassment.

The district court recognized this risk, but concluded that this privacy interest could be adequately protected by redaction of only the agent's name, leaving the description of the investigation itself in the file. The agent's identity could be easily traced by anyone having access to the file and, of course, was already known to the requestor, Hunt. Because Hunt's FOIA request sought access to a single file that contained information about one particular agent, disclosure of any material contents of this file, coupled with the public availability of Hunt's FOIA request naming the agent, would make redaction of the file a pointless exercise.

Hunt contends that there is significant public interest in the disclosure of the details of the FBI investigation. Disclosure of this file could reveal whether this particular investigation was properly conducted, whether one FBI agent was guilty of wrongdoing, and whether discipline, if needed, was adequate and properly imposed. The requested disclosure remains

focused, however, on one isolated investigation, no longer of any interest to anyone other than the party who instigated it. The FOIA is aimed at subjecting governmental activity to public scrutiny while protecting individual privacy. In evaluating the public interest asserted we keep in mind that the FOIA's central purpose is to " 'pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny.' " *U.S. Dept. of State v. Ray,* — U.S. —, —, 112 S.Ct. 541, 547, 116 L.Ed.2d 526 (1991) (quoting *Rose,* 425 U.S. at 361, 96 S.Ct. at 1599). The single file sought by Hunt will not shed any light on whether all such FBI investigations are comprehensive or whether sexual misconduct by agents is common.

This situation may be easily contrasted with the FOIA request for numerous disciplinary files submitted to the Air Force in *Department of Air Force v. Rose,* 425 U.S. 352, 96 S.Ct. 1592. In *Rose* a collection of summaries describing Honor Code violations at the Air Force Academy was sought under FOIA. *Id.* at 355, 96 S.Ct. at 1596–97. The public interest in disclosure of the summaries was significant because conclusions could be drawn concerning the efficacy and fairness of Air Force disciplinary procedures. Further, the Court emphasized that the summaries were to be disclosed with all "personal references or other identifying information deleted." *Id.* at 380, 96 S.Ct. at 1608. While redaction would not eliminate all risks of identifiability, the Court reasoned that each summary had, at one time, been posted on the Academy bulletin boards, and numerous redacted summaries were to be disclosed. As a result, disclosure of the summaries did not constitute a "clearly unwarranted" invasion of the cadets' personal privacy. *Id.* at 382, 96 S.Ct. at 1609. In contrast, Hunt has requested one investigative file, focused completely on the conduct of one agent. The file cannot be redacted and disclosed without the risk of subjecting that agent to undeserved embarrassment and attention.

The work responsibilities of the agent under investigation also will affect the public interest in disclosure. As the D.C. Circuit explained in *Stern v. FBI:*

> The public has a great interest in being enlightened about [ ] malfeasance by this senior FBI official—an action called "intolerable" by the FBI—an interest that is not outweighed by his own interest in personal privacy. There is a decided difference between knowing participation by a high-level officer in such deception and the negligent performance of particular duties by the two other lower-level employees.

737 F.2d 84, 94 (D.C.Cir.1984). The individual targeted for investigation in this case is a lower-level FBI agent assigned to represent the FBI's interest in a single case. She had no supervisory authority with respect to other agents, and no special responsibilities normally reserved for senior officials.

Congress intended *in camera* examination of requested files to aid in the evaluation of the public interest. " '[W]here files are involved [courts will] have to examine the records themselves and require disclosure of portions to which the purposes of the exemption under which they are withheld does not apply.' " *Rose,* 425 U.S. at 374, 96 S.Ct. at 1605 (quoting S.Rep. No. 93–854, p. 32 (1974)) (alteration in original). The contents of the file requested by Hunt, reveal that a thorough investigation into the alleged incident was conducted by the FBI. The file was internally consistent and contained credible evidence that the misconduct had not occurred. Hunt's ever-changing summary of what had happened lent support to the agent's claim that the story was fabricated. Where there is no evidence that the government has failed to investigate adequately a complaint, or that there was wrongdoing on the part of a government employee the public interest in disclosure is diminished. *See Dunkelberger v. Department of Justice,* 906 F.2d 779, 782 (D.C.Cir.1990) (*in camera* review of documents revealed nothing supporting argument that disclosure would be in the public interest); *Stern v. F.B.I.,* 737 F.2d at 92–93. The Ninth Circuit has also recognized that the public interest in ensuring the integrity and the reliability of govern-

ment investigation procedures is greater where there is some evidence of wrongdoing on the part of the government official. *See Castaneda v. United States,* 757 F.2d 1010, 1012 (9th Cir.1985) (disclosure of undercover agent's identity appropriate where investigative reports contained internal inconsistencies and truthfulness of investigator was in doubt) *as amended by,* 773 F.2d 251 (9th Cir.1985). We conclude that the public interest in disclosure in this case is negligible.

■ In sum, when the privacy interest asserted in this case is balanced against the public interest in disclosure, key factors militate strongly against disclosure: Hunt's FOIA request was targeted at a single lower-level FBI agent; the file indicates no evidence of wrongdoing on the part of the targeted agent or the FBI investigators; and there is little or no public interest served by disclosure of this isolated file. Significant privacy interests of the agent would be affected if the file were disclosed. We hold that disclosure of this file "could reasonably be expected to constitute an unwarranted invasion of personal privacy" under FOIA Exemption 7(C).

The district court's order requiring disclosure is REVERSED AND THE MATTER REMANDED for entry of judgment in favor of the FBI.