76 F.3d 384
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dwight G. BEARD, Plaintiff-Appellant,
v.
Mike ESPY, Secretary, U.S. Department of Agriculture,
Defendant-Appellee.
 No. 94-16748.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1995.*
Decided Dec. 11, 1995.
 
 Before: PREGERSON, BRUNETTI, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Since the parties are familiar with the facts we need not recite them here.
 
 
 3
 Beard claims that the district court's summary judgment order should be stricken because the district court did not rule within 180 days under Rule 1.10(o) of the Local Rules for the District of Arizona. By the plain language of Rule 1.10(o), there is no requirement that an order must be struck if it is entered 180 days after a matter has been taken under advisement, and thus, the district court was not precluded from issuing its summary judgment order.
 
 
 4
 Beard also contends that the district court should have entered summary judgment in his favor because FmHA did not file a responsive memorandum within 30 days after the filing of his summary judgment motion. The district court issued an order requiring FmHA to file its summary judgment motion "on or before December 10, 1993." FmHA timely filed its motion for summary judgment on December 9, 1993.
 
 
 5
 Beard argues that the district court erred in granting FmHA's summary judgment motion in his Freedom of Information Act ("FOIA") action because a genuine issue of material fact exists. The district court held that Exemption 6 of FOIA applied to the information Beard sought with respect to the loans made by FmHA to Spirit Mountain Farms, Inc., Spirit Mountain Farms, Ltd. (collectively referred to as "Spirit Mountain"), and Beard.
 
 
 6
 Exemption 6 provides that FOIA does not apply to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy[.]" 5 U.S.C. § 552(b)(6). The Supreme Court has stated that the term "similar files" should be construed broadly. See United States Dept. of State v. Washington Post Co., 456 U.S. 595, 599-600 (1982).
 
 
 7
 Here, the record shows that the only stockholders in Spirit Mountain Farms, Inc. were Donald Brown and Robert Brown. The only partners in Spirit Mountain Farms, Ltd., were Donald Brown, Lois Brown, and Marilyn Brown. The disclosure of the financial information requested by Beard would clearly affect the privacy interests of the individuals involved in the transactions. See Id. at 599. The district court did not commit clear error in holding that Exemption 6 applies. See Rosenfeld v. United States Dept. of Justice, 57 F.3d 803, 807 (9th Cir.1995), petition for cert. filed (Nov. 22, 1995) (No. 95-804).
 
 
 8
 With respect to the complaint letter written by Brown and the notes of an Office of Inspector General agent taken during an interview with Brown, the district court held that Exemption 7(C) applied. See 5 U.S.C. § 552(b)(7)(C). Exemption 7(C) provides that FOIA is not applicable to information that is compiled for "law enforcement purposes" whose release would "constitute an unwarranted invasion of personal privacy." Id. The complaint letter and notes were compiled during a criminal investigation of Beard and, therefore, were compiled for law enforcement purposes. The district court did not err in determining that Exemption 7(C) applied to these materials. See Hunt v. F.B.I., 972 F.2d 286, 288 (9th Cir.1992).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3