**Rosa MUELLER, Plaintiff**

v.

**UNITED STATES DEPARTMENT OF the AIR FORCE, Defendant.**

**No. CIV.A. 99–194–A.**

United States District Court, E.D. Virginia, Alexandria Division.

Sept. 16, 1999.

I.

On May 30, 1995, an F–15 aircraft crashed on the runway during take-off at Spangdahlem Air Force Base in Germany, killing the pilot. An Air Force investigation revealed that the accident was caused by a crossed steering rod. Technical Sergeant Thomas Mueller, plaintiff's deceased husband, was the supervisor of the two mechanics who serviced the aircraft prior to the accident. As a result of the crash investigation, the Air Force charged plaintiff's husband and one of the mechanics with negligent homicide and dereliction of duty. On October 19, 1995, the day the General Courts–Martial of one of the mechanics was to commence, plaintiff's husband committed suicide. The Air Force's handling of the investigation of the crash, including the prosecution of Mueller and his suicide, received some attention in the press, including an article in Time magazine, and a piece on "60 Minutes."

On December 5, 1996, a complaint was filed against the prosecutor in the Mueller case, Major Martha Buxton, by an undisclosed person, alleging that during the investigation, Major Buxton tampered with mail belonging to Sgt. Mueller and made a false official statement. An investigation of the charges followed, culminating in a report of more than 900 pages. As a result of the investigation, the investigator recommended that disciplinary action be initiated against Major Buxton under Article 15 of the Uniform Code of Military Justice. The first level commander accepted this recommendation. Major Buxton then appealed this decision to the second level commander, who granted the appeal, terminated the Article 15 proceedings, dismissed all charges and exonerated Major Buxton.

On June 17, 1997, plaintiff filed a FOIA request with the Air Force seeking disclosure of the documents concerning the investigation of Major Buxton and the Air Force's decision to dismiss all charges against her. Specifically, the documents requested were (i) Air Force Form 3070,

Michael Jackson Beattie, Michael J. Beattie and Associates, Alexandria, VA, for Plaintiff.

Arthur Peabody, Jr., U.S. Attorney's Office, Alexandria, VA, for Defendant.

## MEMORANDUM OPINION

ELLIS, District Judge.

In this FOIA case, the question presented on cross-motions for summary judgment is whether the public interest in disclosure of documents pertaining to an Air Force investigation of allegations of prosecutorial misconduct against a single individual is outweighed by the privacy interests of the prosecutor who was the subject of the investigation.

Record of Nonjudicial Punishment Proceedings, commonly known as an "Article 15," consisting of 933 pages, with attachments, and (ii) a Rule for Courts–Martial 303 Report of Inquiry consisting of 397 pages. An Article 15 is a record of a commander's discipline of a subordinate military member. It contains the nature of the allegations against the military member, the military member's response to the allegation, the commander's investigation of the offense, including a determination of whether the offense occurred, and what punishment, if any, was imposed. A Rule for Courts–Martial 303 Report of Inquiry contains the results of the inquiry undertaken when a military member is accused of an offense under the Uniform Code of Military Justice. Both documents are part of the personnel record of Major Buxton, and are maintained in a Privacy Act system of records.

By letter dated November 7, 1997, the FOIA manager for the Air Force Headquarters in Europe denied plaintiff's request citing the FOIA exemption for records that are compiled for law enforcement purposes, the disclosure of which could reasonably constitute an unwarranted invasion of personal privacy. *See* 5 U.S.C. § 552(b)(7)(C). Plaintiff appealed the decision by letter dated January 2, 1998. On May 21, 1998, Air Force Headquarters in Europe denied plaintiff's appeal and advised plaintiff that it was forwarding the decision to the Air Forces Legal Services Agency for review and final action. Plaintiff was informed that after the Air Force Legal Services reviewed the appeal, it would be forwarded to the Office of the Secretary of the Air Force for final action. By letter dated December 7, 1998, the Deputy General Counsel for Fiscal, Ethics and Civilian Personnel for the Air Force, acting for the Secretary of the Air Force, issued a final determination and denied plaintiff's FOIA request, citing the exemptions contained in the statute for personnel

records and records compiled for the purposes of law enforcement. *See* 5 U.S.C. §§ 552(b)(6) and (b)(7)(C). On February 17, 1999, having exhausted her administrative remedies, plaintiff filed the instant action. In anticipation of litigation, the Air Force prepared and made available to plaintiff a Vaughn index,[1] describing the withheld documents.

## II.

As the parties' cross-motions for summary judgment confirm, and as is typical in FOIA cases, there are no disputed issues of material fact presented. Indeed the parties agree not only on the material facts, but on two important legal conclusions: (1) that the requested documents are of the type that may be found to fall within FOIA exemptions 5 U.S.C. § 552(b)(6) and (7)(C), both of which make nondisclosure turn on whether the privacy interests at stake outweigh the public interest in disclosure, and (2) that the requested documents are contained within a Privacy Act system of records. Thus, the parties agree that the sole remaining legal issue for decision is whether, under 5 U.S.C. §§ 552(b)(6) and (7)(C), the privacy interests implicated by the disclosure of the requested documents outweigh the public interest in disclosure.

As noted, the requested documents in this case are contained within a Privacy Act system of records. The Privacy Act, 5 U.S.C. § 552a, provides "[n]o agency shall disclose any record which is contained in a system of records … except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains." As plaintiff is not the individual to whom the records at issue pertain, the Air Force may only release the records to plaintiff if the records fall under one of the exceptions to the Privacy Act, such as the exemption for information

1. *See Vaughn v. Rosen,* 484 F.2d 820, 827 (D.C.Cir.1973) (holding that the government must provide the party seeking disclosure with a detailed index describing the documents the government claims are exempt from disclosure under FOIA).

required to be disclosed under the FOIA. *See* 5 U.S.C. § 552a(b)(2); *see also United States Dept. of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 766, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989). Thus, while the fact that the requested documents are subject to the Privacy Act confirms that disclosure of the documents would implicate privacy interests, the governing disclosure statute remains FOIA. *See Reporters Committee*, 489 U.S. at 767, 109 S.Ct. 1468.

▆▆▆ Analysis, then, properly begins with a brief review of the general provisions governing disclosure of agency records under the FOIA. Enacted to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny," FOIA requires disclosure upon request of all nonexempt records held by federal agencies. *Department of the Air Force v. Rose*, 425 U.S. 352, 361, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976) (internal citations omitted). Yet, Congress also recognized that certain agency records should be immune from FOIA's public disclosure requirements; thus, the Act includes nine enumerated exceptions to mandatory disclosure. *See* 5 U.S.C. § 552; *see also Bast v. United States Dept. of Justice*, 665 F.2d 1251, 1253 (D.C.Cir.1981). In keeping with FOIA's underlying purpose, the listed exceptions are exclusive and must be narrowly construed. *See Rose*, 425 U.S. at 361, 96 S.Ct. 1592. And, in an action seeking disclosure under FOIA, the burden is on the agency to justify withholding requested documents, and an agency's refusal to disclose information is subject to *de novo* review by the district court. *See Beck v. Department of Justice*, 997 F.2d 1489, 1491 (D.C.Cir.1993).

Two of the nine statutorily enumerated exceptions to mandatory FOIA disclosure are relevant to the case at bar. Section 552(b)(6) provides an exemption from disclosure under FOIA for "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."

5 U.S.C. § 552(b)(6). Section 552(b)(7)(C) provides an exemption for "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information...could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). As is evident from the differences in the language used in each section, the standards for meeting these exemptions are not identical. Section 552(b)(7)(C), recognizing the stigma associated with being the subject of a law enforcement investigation, affords broader protection to privacy interests by allowing nondisclosure not just when it is clear that disclosure would constitute an unwarranted invasion of privacy, as is the case under § 552(b)(6), but also when disclosure could reasonably be expected to constitute an unwarranted invasion of privacy. *See* 5 U.S.C. § 552(b)(7)(C); *see also Bast*, 665 F.2d at 1254. Because each exemption serves a different purpose and sets a different nondisclosure standard, a separate analysis must be undertaken for each exemption.

**A. § 552(b)(7)(C)**

▆▆▆ The threshold inquiry under § 552(b)(7)(C) is whether the requested documents are "records or information compiled for law enforcement purposes." In the instant case this inquiry is easily answered in the affirmative as "an agency's investigation of its own employees is for law enforcement purposes ... if it focuses directly on specifically alleged illegal acts, illegal acts of a particular identified officials, acts which could, if proved, result in civil or criminal sanctions." *Stern v. Federal Bureau of Investigation*, 737 F.2d 84, 89 (D.C.Cir.1984) (internal quotation marks omitted). The record of Nonjudicial Punishment Proceedings and a Courts–Martial Report of Inquiry fit squarely within this definition; the documents were prepared in connection with an investigation of allegations of prosecutorial

misconduct that led initially to a recommendation for disciplinary action against Major Buxton, and ultimately to a rejection of such action. It is of no consequence that all charges against Major Buxton were ultimately dismissed; it is the agency's purpose in compiling the documents, and not the ultimate result of those documents, that determines whether they fall within the exemption. *See Bast*, 665 F.2d at 1254. Given this, it is quite clear that the requested records were compiled for law enforcement purposes, as required for the application of § 552(b)(7)(C).

■ The next inquiry is whether the disclosure of the requested documents "could reasonably be expected to constitute an unwarranted invasion of personal privacy." This inquiry requires balancing the potential invasion of privacy that might occur were the requested documents disclosed against the public interest favoring disclosure. *See Hunt v. Federal Bureau of Investigation*, 972 F.2d 286, 287 (9th Cir.1992).[2]

Not surprisingly, courts have held that a government employee has a privacy interest in any file that "reports on an investigation that could lead to the employee's discipline or censure." *Hunt*, 972 F.2d at 288; *see also Rose*, 425 U.S. at 376–77, 96 S.Ct. 1592. Manifestly, individuals have a strong interest in not being associated with alleged wrongful activity, particularly where, as here, the subject of the investigation is ultimately exonerated. *See Stern*, 737 F.2d at 92. Because of the potential for damage to a person's reputation, a FOIA disclosure revealing that an individual was the subject of a criminal investigation should only be allowed if the public interest in disclosure outweighs the significant privacy interests implicated. *See id.*

■ Major Buxton's privacy interests are clearly implicated by the disclosure of the requested documents. And, disclosure here seems particularly unwarranted given that the documents would associate her with alleged wrongful activity of which she was ultimately cleared. Nor does the existence of publicity concerning Sergeant Mueller's suicide and the subsequent allegations of prosecutorial misconduct eliminate Major Buxton's privacy interest in the requested documents. Even when allegations of misconduct are known, the accused party still has a privacy interest in "avoiding disclosure of the details of the investigation, of his misconduct, and of his punishment ...." *Kimberlin v. Department of Justice*, 139 F.3d 944, 949 (D.C.Cir.1998). In short, disclosure of the requested documents could clearly be expected to constitute an invasion of personal privacy.

■ On the other side of the balance under § 552(b)(7)(C) is the public interest in the disclosure of the requested information. The public's interest in disclosure of documents compiled during a law enforcement investigation derives from FOIA's underlying purpose: to guarantee citizens' right to know what their government is doing. *See Beck*, 997 F.2d at 1492; *see also Reporters Committee*, 489 U.S. at 771, 109 S.Ct. 1468. This purpose is furthered by disclosure of information that sheds light on an agency's performance of its duties. But, "[i]nformation that reveals little or nothing about an agency's own conduct does not further the statutory purpose; thus the public has no cognizable interest in the release of such information." *Beck*, 997 F.2d at 1492. The requested documents fall squarely within this category as their disclosure, at best, would expose only a very limited portion of the Air Force's activities "to the light of public scrutiny." *Reporters Committee*, 489 U.S. at 772, 109 S.Ct. 1468. Thus, the public interest in the disclosure of the

---

**2.** Although the language of § 552(b)(7)(C) does not specify that the privacy interests implicated by disclosure must be weighed against the public interest in disclosure, the

Supreme Court has held that such a balancing is required by the statute. *See Reporters Comm.*, 489 U.S. at 762, 109 S.Ct. 1468.

requested documents is at best attenuated, and simply does not outweigh the important privacy interests that would surely be compromised by disclosure. And, plaintiff's personal interest in the disclosure of the results of the investigation of her late husband's prosecutor is not material, for "in the weighing process ... it is the interest of the general public and not that of the private litigant that must be considered." *Brown v. Federal Bureau of Investigation,* 658 F.2d 71, 75 (2d Cir.1981). In sum, then, the production of the requested documents in this case may "reasonably be expected to constitute an unwarranted invasion of personal privacy" under the more relaxed standard of 5 U.S.C. § 552(b)(7)(C), and thus are exempt from FOIA disclosure.

 Nor can the requested documents be redacted to ensure that their disclosure would not implicate the privacy interests of Major Buxton. Because the requested documents relate specifically to an investigation of allegations against Major Buxton and come from her personnel file, deleting Major Buxton's name from the disclosed documents, when it is known that she was the subject of the investigation, would be pointless. *See Hunt,* 972 F.2d at 288. Even with redactions, any disclosure could reasonably be expected to constitute an unwarranted invasion of Major Buxton's personal privacy.

 Lastly, in order to withhold disclosure of an entire file under 5 U.S.C. § 552(b)(7)(C), the government must show that disclosure of any part of the file "could reasonably be expected to constitute an unwarranted invasion of personal privacy" by providing the party seeking disclosure with a Vaughn index. *See Vaughn,* 484 F.2d at 827. The purpose of a Vaughn index is to identify the documents withheld so the party seeking dis-

closure can fairly argue the reasons the withheld documents should be disclosed. *See Kimberlin,* 139 F.3d at 950. The party seeking the disclosure can only prevail by "showing that the agency's Vaughn index does not justify withholding information under the exemptions involved." *Id.*

 In the instant case, the Air Force's Vaughn index adequately demonstrates that the entire file is properly withheld from disclosure because disclosure of any documents in the file would inevitably implicate Major Buxton's privacy interests.[3] Any file document disclosed would be traceable to Major Buxton because the origin of the document, namely the personnel files of Major Buxton, would be known. Thus, the entire file implicates Major Buxton's privacy interests and any disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Given the nature of the privacy interests at stake, and the fact that the requested documents all pertain to one individual, the government has met its burden of demonstrating that the entire file is exempt from FOIA disclosure. *See Hunt,* 972 F.2d at 287.

**B. § 552(b)(6)**

 Alternatively, the records are also exempt from disclosure under § 552(b)(6), the exemption for personnel, medical and similar files. An Article 15 and a Courts–Martial Report of Inquiry are part of the official personnel file of a military officer; thus, the requested records are the type eligible for nondisclosure under § 552(b)(6) if, after balancing the privacy interests against the public interest in disclosure, disclosure would "constitute a clearly unwarranted invasion of personal privacy."

Under § 552(b)(6), it is proper to begin the analysis by examining the privacy in-

---

**3.** Plaintiff claims that defendant's Vaughn index includes descriptions of some items that could be released without implicating any privacy interests, such as news articles. This argument fails as FOIA does not require an

agency to produce information that is readily available to the public because such disclosure would not further the statute's purpose. *See Triestman v. U.S. Dept. of Justice, DEA,* 878 F.Supp. 667, 670 (S.D.N.Y.1995).

terests implicated by disclosure of the requested documents. Courts have held that a government employee has at least a minimal interest in his or her employment history and record of job performance, not only because of the embarrassment from possible negative disclosures, but also because of the compilation of personal information found in such records. *See Stern,* 737 F.2d at 91. In the present case, the privacy interest at stake is significantly greater because the requested file is the result of an investigation that led initially to a recommendation for imposition of non-judicial punishment. *See Hunt,* 972 F.2d at 288 (holding that a government employee has a privacy interest in any file that reports on an investigation that could lead to the employee's discipline or censure). Even though Major Buxton was ultimately exonerated, she has a heightened privacy interest in this type of file because disclosure of the results of the investigation of wrongdoing could still damage her reputation. *See Stern,* 737 F.2d at 92.

These invasions of Major Buxton's privacy must be weighed against the interest of the public in disclosure of the requested documents. Again, as under § 552(b)(7)(C), it is the interest of the general public and not that of the private litigant that must be considered. *See Brown,* 658 F.2d at 75. Thus, while plaintiff may have a particularized interest in the personnel files of her late husband's prosecutor, this is not public interest under FOIA. And, as demonstrated by the analysis under § 552(b)(7)(C), the interest of the public in the personnel file of one Air Force prosecutor is attenuated because information concerning a single isolated investigation reveals relatively little about the conduct of the Air Force as an agency. Given this, and given Major Buxton's strong privacy interests in her personnel files, it is clear that even under the more exacting standard of § 552(b)(6), dis-

closure of the requested documents would constitute a clearly unwarranted invasion of privacy. Thus, the requested documents are properly exempt from disclosure under FOIA.

### III.

Because the requested documents are exempt from disclosure under either § 552(b)(6) or § 552(b)(7)(C), and consequently, also under the Privacy Act,[4] plaintiff's motion for summary judgment must be denied and the Air Force's motion for summary judgment must be granted.

An appropriate order will enter.

---

**4.** Under the Privacy Act, the requested documents may not be disclosed to a third party unless disclosure is mandated by FOIA. *See* 5 U.S.C. § 552a. As the documents are exempt

from FOIA disclosure, the Privacy Act operates to prohibit disclosure. *See Reporters Committee,* 489 U.S. at 766, 109 S.Ct. 1468.