NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 14 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PETER JANANGELO,<br><br>          Plaintiff-Appellant,<br><br>  v.<br><br>TREASURY INSPECTOR GENERAL FOR TAX ADMINISTRATION, an agency of the United States,<br><br>          Defendant-Appellee. | No.   17-15838<br><br>D.C. No.<br>2:16-cv-00906-JCM-GWF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted June 11, 2018[**]
San Francisco, California

Before: SCHROEDER, GOULD, and DIAZ,[***] Circuit Judges.

Peter Janangelo appeals the district court's order granting summary

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Albert Diaz, United States Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

judgment to the Treasury Inspector General for Tax Administration ("TIGTA") and denying Janangelo's cross-motion for summary judgment. We review the district court's order *de novo*, *Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 988 (9th Cir. 2016) (en banc), and we affirm.

TIGTA did not waive its ability to make a so-called *Glomar* response, which neither confirmed nor denied the existence of the report that Janangelo's Freedom of Information Act ("FOIA") request seeks. Our rule is clear that an agency may not make a *Glomar* response when the existence of the requested information has already been "officially acknowledged." *Pickard v. Dep't of Justice*, 653 F.3d 782, 786 (9th Cir. 2011). A fact has been "officially acknowledged" if information that precisely matches the information requested was previously disclosed. *Id.*

But here the existence or non-existence of the report Janangelo seeks has not been "officially acknowledged." Agent Moller's email telling Janangelo that he "will have to file a FOIA request for the information" does not amount to an affirmative admission that the requested report exists. Nor does attorney Daphne Levitas's ambiguous declaration, which contradicts itself by stating that she could not confirm or deny the report's existence but also says that she was "familiar with the document plaintiff seeks." In context, however, Levitas said that she was familiar only with the type of document Janangelo seeks. Because these statements do not precisely match an admission that the requested report exists,

TIGTA was entitled to make a *Glomar* response to Janangelo's FOIA request.

Further, TIGTA's *Glomar* response is fully justified under FOIA Exemption 6. That provision exempts "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Janangelo does not dispute that the report of investigation he seeks would qualify as "personnel and medical files and similar files." *Id.* Instead, he contends that disclosure of the report's existence *vel non* would not "constitute a clearly unwarranted invasion of personal privacy." *Id.* Evaluating this issue requires "a balancing of the public interest in disclosure against the possible invasion of privacy caused by the disclosure." *Hunt v. FBI*, 972 F.2d 286, 287 (9th Cir. 1992).

On balance, the requested disclosure would constitute a "clearly unwarranted" invasion of Janangelo's former boss's personal privacy. Because the alleged public interest is in showing "that responsible officials acted negligently or otherwise improperly in the performance of their duties," Janangelo "must establish more than a bare suspicion in order to obtain disclosure." *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 174 (2004). "Rather, [Janangelo] must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Id.* But Janangelo has produced no such evidence, and instead we have mere allegations and conjecture.

3

On the other hand, Janangelo's lewd claims implicate "[s]ignificant privacy interests," *Hunt*, 972 F.2d at 290, because "association of [Janangelo's former boss's] name with allegations of sexual and professional misconduct could cause [her] great personal and professional embarrassment," *id.* at 288. And we "place[] emphasis on the employee's position in her employer's hierarchical structure," giving greater weight to the privacy interests of "lower level officials" like Janangelo's former boss. *Forest Serv. Employees for Envtl. Ethics v. U.S. Forest Serv.*, 524 F.3d 1021, 1025 (9th Cir. 2008).

We agree with the district court that Janangelo's FOIA request falls within Exemption 6, and so we need not consider whether it is also covered by Exemption 7(C).[1]

**AFFIRMED.**

---

[1] Because TIGTA's *Glomar* response was proper, the agency was not required to produce a *Vaughn* index to describe the documents in its possession. *See Minier v. CIA*, 88 F.3d 796, 804 (9th Cir. 1996).