**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| E. RANDOL SCHOENBERG, | No. 19-55696 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-01738-JAK-AGR |
| v. | |
| FEDERAL BUREAU OF INVESTIGATION, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted May 8, 2020
Seattle, Washington

Before: KLEINFELD, W. FLETCHER, and RAWLINSON, Circuit Judges.

E. Randol Schoenberg appeals the district court's order granting summary judgment to the FBI under FOIA Exemption 7(C), which exempts from disclosure certain records "to the extent that [their] production . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

§ 552(b)(7)(C).  We review the district court's grant of summary judgment de novo.  We affirm.  *See Animal Legal Def. Fund v. FDA*, 836 F.3d 987, 990 (9th Cir. 2016) (en banc) (per curiam).

Schoenberg sought an order directing the FBI to produce, in unredacted form, warrant materials related to a closed investigation into former Secretary of State Hillary Clinton.  The warrant authorized the search of the laptop computer of former Congressman Anthony Weiner, whose then-wife Huma Abedin had served as Clinton's Deputy Chief of Staff.  A large amount of correspondence between Abedin and Clinton was allegedly on Weiner's laptop.  In response to Schoenberg's FOIA requests and subsequent litigation, the FBI released a copy of the search warrant, warrant application, supporting affidavit, and warrant return, redacting the name of the FBI Supervisory Special Agent ("SSA") who had signed the search warrant and supporting affidavit.  Schoenberg now seeks the name of the SSA.

Under Supreme Court and Ninth Circuit precedent, the identity of the SSA is protected under Exemption 7(C).  First, we agree with the district court that disclosure of the SSA's name implicates a "nontrivial or . . . more than [] de minimis" personal privacy interest.  *Tuffly v. U.S. Dep't of Homeland Sec.*, 870 F.3d 1086, 1092 (9th Cir. 2017) (quoting *Yonemoto v. Dep't of Veterans Affairs*,

686 F.3d 681, 693 (9th Cir. 2012)).  "FBI agents have a legitimate interest in keeping private matters that could conceivably subject them to annoyance or harassment," particularly when they were involved in "especially controversial" investigations.  *Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 977 (9th Cir. 2009) (quoting *Hunt v. FBI*, 972 F.2d 286, 288 (9th Cir. 1992)); *see also Forest Serv. Emps. for Envtl. Ethics v. U.S. Forest Serv.* ("*Forest Service*"), 524 F.3d 1021, 1026 (9th Cir. 2008); *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172–75 (2004).  This interest is "stronger" where, as the district court found here, the agent is a relatively low-ranking official.  *See Lahr*, 569 F.3d at 977 (citing *Dobronski v. FCC*, 17 F.3d 275, 280 n.4 (9th Cir. 1994)).

Second, we agree with the district court that Schoenberg failed to show that "the public interest sought to be advanced is a significant one . . .  and that the information is likely to advance that interest."  *Tuffly*, 870 F.3d at 1092 (citing *Favish*, 541 U.S. at 172).  Schoenberg argues that the public has an interest in the SSA's improper behavior, but offers no evidence of official misconduct.  *See Favish*, 541 U.S. at 174 (requiring "more than a bare suspicion" of misconduct to compel disclosure); *Forest Serv.* 524 F.3d at 1026.

We note that, in addition to the already released warrant materials, the Office of the Inspector General of the Department of Justice has released a 568-page

3

report analyzing the government's conduct during the investigation into Secretary Clinton. *See* U.S. Dep't of Justice Office of the Inspector General, *A Review of Various Actions by the Federal Bureau of Investigation and Department of Justice in Advance of the 2016 Election* 1 (June 2018). Given the "substantial information already in the public domain," *Forest Serv.*, 524 F.3d at 1028, the "marginal additional usefulness of the [SSA's] name[] in exposing government misconduct" does not outweigh the SSA's privacy interest, *Lahr*, 569 F.3d at 978 (internal quotation marks omitted). That marginal usefulness is further diminished in light of the SSA's position in an investigation where critical decisions regarding the warrant materials were made by superiors. *See Forest Serv.*, 524 F.3d at 1025–26.

**AFFIRMED.**